NO SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------

THOMAS F. GREEN,

                      Petitioner,

    -v-

WILLIAM LEE, Superintendent of Green
Haven Correctional Facility,

                      Respondent, and

THE ATTORNEY GENERAL OF THE
STATE OF NEW YORK,

                      Additional Respondent.

------------------------------------------------------------x

)
)
)
)
)
)
)
)

CV 12-Index No. 5796

SPATT, J.

## PETITION UNDER 28 U.S.C. § 2254 FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

        Petitioner THOMAS F. GREEN, by his attorneys The Law Office of Ronald

L. Kuby, submits this Petition for a Writ of Habeas Corpus as follows:

        By this petition, Petitioner Thomas F. Green challenges the judgment of

conviction entered on July 16, 2009 by the County Court of the State of New York,

Suffolk County.  The court is located at 210 Center Drive, Riverhead, New York.

The proceeding was identified in that court as People v. Thomas F. Green,

Indictment No. 1169/2007 of Suffolk County.

1

**A.** **Trial & Verdict**

By a ten-count indictment, Petitioner was charged with sexually assaulting his granddaughter and four of her former friends. He pled not guilty. A trial by jury was held; trial commenced with jury selection on July 23, 2008. At trial, Petitioner took the stand and testified in his own defense. After nearly a four week trial, on August 21, 2008, the jury found Petitioner guilty of counts related to three of the five alleged victims. Thomas F. Green was convicted of two counts of Sodomy in the First Degree (Penal Law § 130.50) against alleged victim Barbara Monaco, one count of Attempted Sodomy in the First Degree (Penal Law §§ 110, 130.50) against Gina Green, two counts of Sexual Abuse in the First Degree (Penal Law § 130.65) against Barbara Monaco and Kerri Petersen, and two counts of Sexual Abuse in the Second Degree (Penal Law § 130.60) against Barbara Monaco and Kerri Petersen. He was acquitted of two counts of Sexual abuse in the First Degree against Stephanie Belkin, and one count of Sexual Abuse in the First Degree against Brittany Petersen.

**B.** **Sentencing**

On July 16, 2009, Thomas F. Green was sentenced to an aggregate term of 35 years of imprisonment, imposed as follows: two determinate terms of twenty years for each of two counts of Sodomy in the First Degree (counts one and two), seven years for Sexual Abuse in the First Degree (count four), and one year for

Sexual Abuse in the Second Degree (count ten), all to be served concurrently; ten years for Attempted Sodomy in the First Degree (count three); and five years for Sexual Abuse in the First Degree (count eight), to run concurrent with one year for Sexual Abuse in the Second Degree (count nine).

## C.     The CPL § 330.30 Motion

Prior to sentencing, on February 3, 2009, Petitioner filed a motion to set aside the verdict pursuant to Criminal Procedure Law § 330.30. Represented by new counsel, Petitioner raised the following three claims of error:

1. Trial counsel's failure to conduct the minimal investigation that would have revealed the true nature of the evidence constituted ineffective assistance of counsel under both the New York State and Federal constitutions;

2. The failure of trial counsel to object to inadmissible hearsay that improperly bolstered the complainants' testimony deprived Defendant of his right to effective assistance of counsel, as guaranteed by the Constitution of the State of New York and the Sixth and Fourteenth Amendments to the Constitution of the United States; and

3. The court erred in refusing to dismiss the indictment, where the time periods set forth in the indictment failed to provide sufficient notice of the crimes charged.

On June 29, 2009, the County Court of the State of New York, Suffolk

County (Barbara Kahn, J.) denied the motion in its entirety. (See Decision and

Order, June 29, 2009, <u>People v. Green</u>, Indict. No. 1169/2007).  As to counsel's

ineffectiveness in failing to investigate the prosecution's evidence, the trial court

found that the issue required consideration of material outside the record, and "that

branch of defendant's motion is denied as procedurally defective." (Decision and

Order, June 29, 2009, at 3).  The court denied the second ineffective assistance

claim on the merits, finding that "defense counsel's failure to object to some, not

all, of the testimony was a specific trial strategy, his affirmation to the contrary

notwithstanding." (<u>Id</u>. at 4).  As to the insufficiency of the indictment, the court

interpreted that prong of Petitioner's motion as a motion for reargument, noting

that the issue had previously been raised and decided as part of Mr. Green's

pretrial omnibus motion, and denied Petitioner's claim, finding that Petitioner

"failed to make the requisite showing that the Court overlooked or misapplied any

controlling principles of law." (<u>Id</u>. at 5).

## D.    The CPL § 440.10 Motion

On July 16, 2009, Petitioner filed a motion pursuant to New York Criminal

Procedure Law § 440.10, alleging two grounds:  (1) ineffective assistance of

counsel, based on substantially the same papers and evidence as the procedurally

defective *de hors* the record § 330.30 claim; and (2) the admission of false

4

testimony and fraudulent physical evidence, which the prosecution knew or should have known was false, violated Petitioner's right to due process under the Constitution of the State of New York and the United States Constitution. As part of the second ground, Petitioner alleged that even if the prosecution didn't know the evidence was false, its introduction violated due process.

On December 14, 2009, the Suffolk County Court (Barbara Kahn, J.) denied the motion to vacate. (See Decision and Order, Dec. 14, 2009, People v. Green, Indict. No. 1169/2007). Neither the trial court nor the People disputed the new evidence uncovered by new counsel. Neither the trial court nor the People disputed that this new evidence accurately dated the physical evidence and the Law & Order: SVU episode. The court simply held that although "the proper dating of the photographs and the other material would have been beneficial to the defendant, it cannot be said that the absence of this properly authenticated evidence would have resulted in defendant's complete acquittal." (Decision and Order, Dec. 14, 2009, at 3).

On January 13, 2010, Petitioner timely filed an application for a certificate of leave to appeal the § 440 decision to the Appellate Division, Second Department, requesting that the appeal of the § 440.10 motion be consolidated with Petitioner's direct appeal. On April 7, 2010, Hon. Reinaldo E. Rivera denied that motion in its entirety, without opinion.

5

## E.    The Direct Appeal

Petitioner appealed his conviction to the Appellate Division, Second Department, raising the following points on appeal:

1. The Suffolk County Court erred in refusing to dismiss the indictment, which failed to provide sufficient notice of the crimes charged;

2. The county court erred in finding it did not have discretion to hold a hearing and/or entertain Petitioner's CPL § 330.10 motion;

3. Petitioner was deprived of his right to effective assistance of counsel by trial counsel's failure to object to the repetitive hearsay recapitulation of the accuser's prior statements, which fortified the complainants' testimony and credibility by improper bolstering; and

4. Petitioner was denied his right to a fair trial by the admission of testimony about Child Sexual Abuse Accommodation Syndrome, which is not recognized in the scientific community.

On February 27, 2012, the Appellate Division, Second Department affirmed the conviction. People v. Green, 92 A.D.3d 894 (2d Dept. 2012). The court determined that the time periods in the indictment "were not so lengthy as to require dismissal," that the claim of improper bolstering was unpreserved, and that the county court did not err in permitting the expert testimony on Child Sexual Abuse Accommodation Syndrome. Id. at 895-96. The Second Department further

held that the "County Court correctly held that it lacked the authority to consider facts not appearing in the record in determining defendant's motion pursuant to CPL 330.30(1)...." Id. at 896.

Petitioner sought leave to appeal his conviction to the New York State Court of Appeals, raising all of the issues argued in the Appellate Division. His application was denied on June 29, 2012. People v. Green, 19 N.Y.3d 961 (2012).

Petitioner did not seek a writ of certiorari from the United States Supreme Court. No other appeals, motions, petitions, or applications concerning this judgment of conviction have been filed by Petitioner. There is no motion, petition, or appeal pending in any court for the judgment challenged by Petitioner. Petitioner was sentenced on more than one count of an indictment in the same court at the same time; he was sentenced on the seven counts on which he was convicted. Petitioner does not have any future sentence to serve after he completes the sentence for the judgment that he is challenging.

Petitioner's attorneys in the various stages of the judgment were as follows:

(a) At arraignment and plea, at preliminary hearings, and at trial:

> Paul Gianelli, Esq.
> Reynolds, Caronia, Gianelli, Hagney & La Pinta, LLP
> 35 Arkay Drive, Suite 200
> Hauppauge, New York  11788
> (631) 231-1199

(b) At sentencing, on appeal, in post-verdict (CPL 330.30) and post-conviction (CPL 440.10) proceedings, and on appeal from post-conviction rulings:

> Ronald L. Kuby, Esq.
> Lea Spiess, Esq.
> Law Office of Ronald L. Kuby
> 119 West 23rd Street, Suite 900
> New York, New York  10011
> (212) 529-0223
>
> Robert Sokolski, Esq.
> Daphna Zekaria, Esq.
> Sokolski & Zekaria, P.C.
> 305 Broadway, Suite 201
> New York, NY  10007
> (212) 571-4080

Having fully exhausted the remedies afforded to him by the courts of the State of New York, Petitioner now seeks this Court's review of his conviction. This petition is timely filed on November 21, 2012, within one year of June 29, 2012 – the date on which the judgment of conviction became final by the conclusion of direct review.  For this petition, Petitioner alleges the following grounds on which he claims to be held in violation of the Constitution of the United States of America:

GROUND ONE:  PETITIONER WAS DEPRIVED OF HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BY TRIAL COUNSEL'S FAILURE TO INVESTIGATE THE PROSECUTION'S CRUCIAL PHYSICAL EVIDENCE, WHICH CORROBORATED THE TIMELINE PROVIDED BY KEY PROSECUTION WITNESSES AND UNDERMINED PETITIONER'S CORE DEFENSE THAT HE DID NOT KNOW THE ACCUSERS AT THE TIME THE CRIMES WERE ALLEGED TO HAVE OCCURRED.  SUCH AN INVESTIGATION WOULD HAVE

AFFIRMATIVELY ESTABLISHED THAT THE PROSECUTION'S EVIDENCE WAS FALSE, AND WOULD HAVE BOLSTERED PETITIONER'S DEFENSE.

The central issue at trial was whether Petitioner even knew the accusers in 1998-1999, the period of time during which the abuse was alleged to have occurred. Both Petitioner and alleged victim Gina Green testified he did not. The crux of the prosecution was the credibility of the four accusers, two of whom were disbelieved *in toto* and two of whom were believed only because of three pieces of physical evidence that appeared to corroborate their account that they knew the petitioner in 1998 and 1999.

The first was a Polaroid photograph of Gina Green and Barbara Monaco taken at Coney Island. The Coney Island photograph was in re-useable jacket had a printed date of "6/98" and a prosecution witness testified that the photograph was taken in the summer of 1998. The second piece of physical evidence was a photograph of Gina and Barbara together, dressed up in Halloween costumes. Barbara testified that the Halloween photograph was taken in front of Petitioner's house when Barbara was "seven" years old, in 1998. The third, a "Turbo Twist Speller," was introduced through Barbara, who testified that Petitioner had given it to her when she started failing school in "third grade." Barbara was in the "third grade" in 1999.

Defense counsel failed to investigate the authenticity, and dating, of these crucial pieces of evidence at trial. An investigation conducted by new counsel

9

after Petitioner's conviction revealed that this evidence was false.  An investigation into the serial number on the Coney Island photograph uncovered readily-available information that the film on which the Coney Island photo was taken **was made on June 21, 2000.**  A brief check of the United States Patent and Trademark Office demonstrated that the Halloween photo could not have been taken in 1998; the photo depicts Barbara wearing a shirt containing the trademark "Princess University," but items bearing that mark did not enter commerce until **July 5, 2001**.  A similar check showed that the Turbo Twist Speller could not have been given to Barbara in 1999 because it did not enter commerce until **August 25, 2000**.  Thus, every piece of physical evidence that purported to establish a relationship between Barbara and Gina in 1998-1999 established that the relationship did not begin until after 2000.

Finally, to explain her failure to report the molestation until seven years later, at trial Barbara testified that she did not report it because she had seen an episode of Law & Order: Special Victims Unit which depicted how difficult it was for children to testify.  She said that she did not think she was able to go through with that at the time of the abuse.  However, a quick internet search revealed that the show first aired on **September 20, 1999,** many months **after** Barbara's alleged molestation, establishing that testimony, too, was a lie.

In summation at trial, the prosecutor asserted that the was the "one piece of evidence that the defense can't get around in this case" and the "one piece of evidence in the whole case that is not capable of lying, and it puts Gina and Barbara together at the time frame that Barbara tells you, around 1998 when Barbara is seven and Gina is six."

There was no conceivable strategic or tactical reason for trial counsel's failure to obtain this crucial and readily-available information. As a result of that failure, Petitioner was deprived of his right to effective assistance of counsel.

This claim was raised in Petitioner's motion to set-aside the verdict under CPL § 330.30 (which was denied on procedural grounds as the evidence was *de hors* the record), and in his post-conviction motion to vacate pursuant to CPL § 440.10. This issue was also raised in Petitioner's application for leave to appeal the § 440 decision to the Appellate Division, Second Department. No evidentiary hearing has been held in relation to this claim.

GROUND TWO: THE INTRODUCTION OF THE FRAUDULENT EVIDENCE VIOLATED PETITIONER'S RIGHT TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES.

The relevant facts set forth as to ground one, supra, are re-alleged as if fully set forth herein. The trial court record contains information which suggests that the prosecution knew or should have known that the above described evidence was false, including the fact that the Assistant District Attorney turned over the Coney

11

Island photograph and, presumably, saw the serial number on the back. Even if the prosecution did not know this material evidence was false, allowing the conviction to stand was a violation of due process.

The due process issue was raised in Petitioner's § 440 motion, which was denied by the Suffolk County Court without holding an evidentiary hearing. It was also raised in Petitioner's application for leave to appeal the denial of the § 440 motion to the Appellate Division, Second Department.

The annexed Memorandum of Law in support of this petition, and the exhibits thereto, are incorporated by reference herein.

WHEREFORE, for the reasons set forth herein and in the annexed Memorandum of Law, Petitioner asks that this Court grant the following relief: that the judgment conviction of the Suffolk County Court be vacated, or, in the alternative, that an evidentiary hearing be held, or any other relief to which Petitioner may be entitled.

Dated:  New York, New York
        November 21, 2012

LEA SPIESS [LS-7866]
RONALD L. KUBY [RK-1879]
Law Office of Ronald L. Kuby
119 West 23rd Street, Suite 900
New York, New York 10011
(212) 529-0223

Attorneys for Petitioner Thomas F. Green

12

## <u>VERIFICATION</u>

LEA SPIESS, an attorney admitted to practice before this Court, hereby declares the following to be true under penalty of perjury:

I am an attorney at the Law Office of Ronald L. Kuby, which was retained by Petitioner Thomas F. Green to bring this petition before the Court. I was authorized by Mr. Green to sign and file this petition on his behalf. Mr. Green did not sign the petition himself because he is currently incarcerated in a county other than the county in which my office is located.

I further certify that the statements and information set forth in the foregoing petition are true and correct to the best of my knowledge. This knowledge is based upon my review of the state court record and discussions with my client.

Dated:  New York, New York
       November 21, 2012

LEA SPIESS

13