UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
                                                    )
THOMAS F. GREEN,                                    )
                                                    )
                        Petitioner,                 )        Index No.
        -v-                                         )
                                                    )
WILLIAM LEE, Superintendent of Green                )
Haven Correctional Facility,                        )
                                                    )
                        Respondent, and             )
                                                    )
THE ATTORNEY GENERAL OF THE                         )
STATE OF NEW YORK,                                  )
                                                    )
                        Additional Respondent.  )
--------------------------------------------------------------x

## APPENDIX OF EXHIBITS
## TO PETITION FOR A WRIT OF HABEAS CORPUS


                            RONALD L. KUBY [RK-1879]
                            LEA SPIESS [LS-7866]
                            Law Office of Ronald L. Kuby
                            119 West 23rd Street, Suite 900
                            New York, New York  10011
                            (212) 529-0223

                            For Petitioner Thomas F. Green


Dated:        New York, New York
              November 21, 2012

## INDEX TO EXHIBITS

Exhibit A    *People v. Thomas F. Green*, Suffolk County Indictment 1169/2007

Exhibit B    Decision & Order, Hon. Barbara Kahn, dated June 29, 2009, denying Petitioner's CPL § 330.30 Motion

Exhibit C    Decision & Order, Hon. Barbara Kahn, dated Dec. 14, 2009, denying Petitioner's CPL § 440.10 Motion

Exhibit D    Decision & Order, Hon. Reinaldo E. Rivera, dated April 7, 2010, denying Petitioner's application for leave to appeal the denial of his CPL § 440.10 motion to the Appellate Division, Second Department

Exhibit E    Decision & Order of the Appellate Division, Second Department, dated Feb. 21, 2012, affirming Petitioner's conviction on direct appeal

Exhibit F    Order, Hon. Susan Phillips Read, dated June 29, 2012, denying Petitioner leave to appeal the affirmance of his conviction to the New York Court of Appeals

Exhibit G    Reproduction of People's Exhibit 18 at trial, "the Halloween photograph"
*Submitted as an exhibit to Petitioner's 330.30 and 440.10 motions*

Exhibit H    Reproduction of People's Exhibit 32 at trial, "the Coney Island photograph," with an enlarged copy of the serial number on the reverse of the photograph
*Submitted as an exhibit to Petitioner's 330.30 and 440.10 motions*

Exhibit I    Letter from Marianne Dilman, Polaroid Corporation, dated Nov. 4, 2008
*Submitted as an exhibit to Petitioner's 330.30 and 440.10 motions*

Exhibit J    Affidavit of Cindy Green, dated January 17, 2009
*Submitted as an exhibit to Petitioner's 330.30 and 440.10 motions*

Exhibit K    Trademark, Principal Register, Princess University, United States Patent and Trademark Office, Reg. No. 2,692,342
*Submitted as an exhibit to Petitioner's 330.30 and 440.10 motions*

i

Exhibit L    Affirmation of David Pressman, dated Dec. 21, 2008
             *Submitted as an exhibit to Petitioner's 330.30 and 440.10 motions*

Exhibit M    Affidavit of Thomas Green, Jr.
             *Submitted as an exhibit to Petitioner's 330.30 and 440.10 motions*

Exhibit N    United States Patent and Trademark Office, Reg. No 2,34,765,
             Trademark, Principal register, "Turbo Twist," Scott Baldwin,
             Examining Attorney
             *Submitted as an exhibit to Petitioner's 330.30 and 440.10 motions*

Exhibit O    Documentation of First Episode of Law & Order:  Special Victims
             Unit
             *Submitted as an exhibit to Petitioner's 330.30 and 440.10 motions*

Exhibit P    Affirmation of Paul Gianelli, dated January 26, 2009
             *Submitted as an exhibit to Petitioner's 330.30 and 440.10 motions*

Exhibit Q    Affidavit of Jay Salpeter, dated January 17, 2009
             *Submitted as an exhibit to Petitioner's 330.30 and 440.10 motions*

**Exhibit A**

SUPREME COURT: SUFFOLK COUNTY

----------------------------------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK,

            -against -

THOMAS F. GREEN,

                        Defendant.

----------------------------------------------------------------------X

                                 **INDICTMENT**

                                 Case Number 1169-2007

| | | |
|---|---|---|
| VF | COUNT ONE: | SODOMY IN THE FIRST DEGREE |
| VF | COUNT TWO: | SODOMY IN THE FIRST DEGREE |
| VF | COUNT THREE: | ATTEMPTED SODOMY IN THE FIRST DEGREE |
| VF | COUNT FOUR: | SEXUAL ABUSE IN THE FIRST DEGREE |
| VF | COUNT FIVE: | SEXUAL ABUSE IN THE FIRST DEGREE |
| VF | COUNT SIX: | SEXUAL ABUSE IN THE FIRST DEGREE |
| VF | COUNT SEVEN: | SEXUAL ABUSE IN THE FIRST DEGREE |
| VF | COUNT EIGHT: | SEXUAL ABUSE IN THE FIRST DEGREE |
| | COUNT NINE: | SEXUAL ABUSE IN THE SECOND DEGREE |
| | COUNT TEN: | SEXUAL ABUSE IN THE SECOND DEGREE |

JOHN CORR
FOREPERSON

ELAINE HYLTON KERR
ASSISTANT FOREPERSON
MARCH/APRIL, 2007 GRAND JURY 1A
TERM IV

*Thomas J. Spota*

THOMAS J. SPOTA
DISTRICT ATTORNEY
SUFFOLK COUNTY

## COUNT ONE

THE GRAND JURY OF SUFFOLK COUNTY, by this Indictment, accuse the defendant of the crime of SODOMY IN THE FIRST DEGREE, committed as follows:

The defendant, on an occasion occurring on or about and between the end of 1998 and beginning of 1999, in Suffolk County, engaged in deviate sexual intercourse with B.M. a person less than eleven years old whose identity is known to the Grand Jury.

## COUNT TWO

THE GRAND JURY OF SUFFOLK COUNTY, by this Indictment, accuse the defendant of the crime of SODOMY IN THE FIRST DEGREE, committed as follows:

The defendant, on an occasion occurring on or about and between the end of 1998 and beginning of 1999, in Suffolk County, other than alleged in Count One of this Indictment, engaged in deviate sexual intercourse with B.M. a person less than eleven years old whose identity is known to the Grand Jury.

## COUNT THREE

THE GRAND JURY OF SUFFOLK COUNTY, by this Indictment, accuse the defendant of the crime of ATTEMPTED SODOMY IN THE FIRST DEGREE, committed as follows:

The defendant, on an occasion occurring on or about and between the end of 1998 and beginning of 1999, in Suffolk County, with intent to commit the crime of SODOMY IN THE FIRST DEGREE, engaged in conduct which tended to effect the commission of that crime, in that the defendant attempted to engage in deviate sexual intercourse with G.G., a person less than eleven years old whose identity is known to the Grand Jury.

## COUNT FOUR

THE GRAND JURY OF SUFFOLK COUNTY, by this Indictment, accuse the defendant of the crime of SEXUAL ABUSE IN THE FIRST DEGREE, committed as follows:

The defendant, on an occasion occurring on or about and between the end of 1998 and beginning of 1999, in Suffolk County, subjected B.M., a person less than eleven years old, and whose identity is known to the Grand Jury, to sexual contact.

## COUNT FIVE

THE GRAND JURY OF SUFFOLK COUNTY, by this Indictment, accuse the defendant of the crime of SEXUAL ABUSE IN THE FIRST DEGREE, committed as follows:

The defendant, on an occasion occurring on or about the summer of 2003, in Suffolk County, subjected B.P., a person less than eleven years old, and whose identity is known to the Grand Jury, to sexual contact.

## COUNT SIX

THE GRAND JURY OF SUFFOLK COUNTY, by this Indictment, accuse the defendant of the crime of SEXUAL ABUSE IN THE FIRST DEGREE, committed as follows:

The defendant, on an occasion occurring during the summer of 2001, in Suffolk County, subjected S.B., a person less than eleven years old, and whose identity is known to the Grand Jury, to sexual contact.

## COUNT SEVEN

THE GRAND JURY OF SUFFOLK COUNTY, by this Indictment, accuse the defendant of the crime of SEXUAL ABUSE IN THE FIRST DEGREE, committed as follows:

The defendant, on an occasion occurring on or about the summer of 2001, in Suffolk County, subjected S.B., a person whose identity is known to the Grand Jury, to sexual contact by forcible compulsion.

## COUNT EIGHT

THE GRAND JURY OF SUFFOLK COUNTY, by this Indictment, accuse the defendant of the crime of SEXUAL ABUSE IN THE FIRST DEGREE, committed as follows:

The defendant, on an occasion occurring on or about the summer of 2003, in Suffolk County, subjected K.P., a person whose identity is known to the Grand Jury, to sexual contact by forcible compulsion.

## COUNT NINE

THE GRAND JURY OF SUFFOLK COUNTY, by this Indictment, accuse the defendant of the crime of SEXUAL ABUSE IN THE SECOND DEGREE, committed as follows:

The defendant, on an occasion occurring on or about the summer of 2003, in Suffolk County, subjected K.P., a person less than fourteen years old, and whose identity is known to the Grand Jury, to sexual contact.

## COUNT TEN

THE GRAND JURY OF SUFFOLK COUNTY, by this Indictment, accuse the defendant of the crime of SEXUAL ABUSE IN THE SECOND DEGREE, committed as follows:

The defendant, on an occasion occurring on or about the summer of 2003, in Suffolk County, subjected B.M., person less than fourteen years old, and whose identity is known to the Grand Jury, to sexual contact.

SUPREME COURT:  COUNTY OF SUFFOLK

-------------------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK,

          - against -

**THOMAS F. GREEN,**

                 Defendant.

-------------------------------------------------------X

SPECIAL INFORMATION FOR
CHILD SEXUAL ASSAULT OFFENDER
PURSUANT TO CPL 200.62

Case Number 1169-2007

    The District Attorney of Suffolk County, Thomas J. Spota, by this Special Information,

accuses the defendant, **THOMAS F. GREEN, DOB 11/17/46,** of the crimes of two counts of

SODOMY IN THE FIRST DEGREE; one count of ATTEMPTED SODOMY IN THE FIRST

DEGREE; five counts of SEXUAL ABUSE IN THE FIRST DEGREE; two counts of SEXUAL

ABUSE IN THE SECOND DEGREE committed against a person less than fifteen years old.

DATED:     Riverhead, New York
             April 16, 2007

                              Respectfully submitted,

                              THOMAS J. SPOTA
                              District Attorney, County of Suffolk

               By:     _____
                              Dana E. Brown
                              Assistant District Attorney

**Exhibit B**

COUNTY COURT, SUFFOLK COUNTY
STATE OF NEW YORK

Present: HON. BARBARA KAHN, J.C.C.

------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK

Indictment No. 01169/2007

v.

Date of Motion: April 29, 2009

THOMAS GREEN

Defendant.
------------------------------------------------------------X

| | |
|---|---|
| HONORABLE THOMAS J. SPOTA | RONALD L. KUBY, ESQ. |
| District Attorney of Suffolk County | Attorney for Defendant |
| Dana E. Brown, Esq., *of counsel* | Law Office of Ronald L. Kuby |
| Criminal Courts Building | 119 West 23rd Street, Suite 900 |
| Riverhead, New York 11901 | New York, New York 10011 |

Defendant stands convicted of two counts of Sodomy in the First Degree in violation of Penal Law §130.50, Attempted Sodomy in the First Degree in violation of Penal Law §110-130.50, two counts of Sexual Abuse in the First Degree in violation of Penal Law §130.65 and two counts of Sexual Abuse in the Second Degree in violation of Penal Law §130.60, after a jury verdict rendered on August 21, 2008. He now moves, pursuant to Criminal Procedure Law §330.30, for an order setting aside that verdict. In deciding the motion the Court has considered the defendant's notice of motion, affirmation in support and memorandum of law, the People's affidavit in opposition and memorandum of law and the defendant's reply memorandum of law. The motion is determined as follows.

Initially, Criminal Procedure Law §330.30 allows a court, at any time after rendition of a verdict of guilty and before sentence, to set aside or modify the verdict or any part thereof. Specific to this application, the court may set aside the verdict of guilty if "any ground appearing on the record which, if raised upon an appeal from a prospective judgment of conviction, would require a reversal or modification of the judgment as a matter of law by an appellate court."

Prior to considering the legal merits of the motion, a short recitation of the operable facts and procedural history giving rise to this application, as culled from the record before the Court, is necessary. As noted earlier the defendant was convicted after a four week jury trial, conducted before this Court, of seven charges related to the sexual abuse of three young girls. The defendant was also acquitted of three charges relating to the alleged sexual abuse of two other young girls.

The criminal acts leading to the convictions for Sodomy in the First Degree, Attempted Sodomy in the First Degree and one count of Sexual Abuse in the First Degree with respect to victims "B.M." and "G.G." were established by the People at trial to have taken place in late 1998 into early 1999. "G.G." is the defendant's granddaughter who befriended "B.M." around that time. The remaining criminal acts for which defendant stands convicted were committed against "B.M." and "K.P." in the summer of 2003.

Following the verdict the defendant was remanded to the custody of the Suffolk County Sheriff as is required by statute (see Criminal Procedure Law §530.45). Sentencing was scheduled for October 2, 2008 and adjourned at trial counsel's request to November 10, 2008.

On October 24, 2008 this Court received a Notice of Appearance from present counsel together with a Consent To Change Attorney and a request for an adjournment of sentencing. That application was granted and sentencing was again adjourned to February 18, 2009. On February 13, 2009 the People requested a further adjournment of sentencing having been served with the defendant's instant application approximately ten days earlier. That request was granted and the matter was again adjourned to April 29, 2009. On that day the defendant's motion was marked for final submission.

With respect to the merits of defendant's application, he cites three primary legal issues for consideration. First, defendant maintains that his trial counsel failed to fully investigate the authenticity of evidence offered against him at trial and therefore deprived him of the effective assistance of counsel. Next, defendant contends that trial counsel failed to make proper objections to inadmissible hearsay testimony during the trial further depriving him of the effective assistance of counsel. Finally, defendant argues that the Court committed reversible error when it denied the defendant's pre-trial motion to dismiss the indictment based on the assertion that the indictment failed to allege a specific time period during which the alleged crimes occurred thereby depriving him of his ability and due process right to mount a proper defense.

As to the first prong of the application, the defendant maintains that his investigation into the authenticity of several items admitted into evidence reveals that each of the items were improperly, or fraudulently, dated. Specifically, defendant contends that two photographs of two of the victims, "B.M." and "G.G.," which the prosecutor argued at trial were taken at a time which would corroborate the testimony of "B.M.," were actually taken several years later. This argument is supported by the defendant's post-trial investigation which revealed that the film used to develop the first photograph was not even manufactured until several years after the date the People maintained the photograph was taken. With respect to the other photograph, the defendant's investigation shows that a sweatshirt worn by "B.M." displayed a logo of a company that did not enter commerce until three years after the date testified to at trial.

Additionally, the defendant maintains that a "Turbo-Twist" toy spelling machine given to "B.M." by the defendant did not enter commerce until August, 2000, not 1998 to 1999 as the testimony at trial provided. Finally, on both direct and cross-examination, "B.M." referred to an episode of "Law & Order: Special Victim's Unit" as one of the reasons for her delayed disclosure

That television series, the defendant's subsequent investigation revealed, did not air until several months after the time which "B.M."stated she saw a specific episode.

Each of these irregularities, defendant maintains, were susceptible to discovery with even a rudimentary investigation prior to, or even during, the trial. Considered cumulatively, the defendant argues, the failure of defense counsel to, at the very least, use the investigator previously retained by the defendant to gather this information to impugn the credibility of the victims amounted to the ineffective assistance of counsel.

While the defendant's post-trial investigation has uncovered what some may consider evidence supporting his defense, it nevertheless represents matters that are *dehors* the record and are therefore not subject to review by way of a Criminal Procedure Law §330.30 motion. The cases relied upon by the defendant, *People v. Bussey* (6 AD3d 621 [2005]), *People v. Maldonado* (278 AD2d 513 [2000]) and *People v. Benjamin* (151 AD2d 685 [1989]), for the contrary conclusion are clearly distinguishable from the present case. First, each of those Criminal Procedure Law §330.30 motions were decided after the court conducted an evidentiary hearing on the merits of the application. Second, each of those cases involved claims of ineffective assistance of counsel based primarily on counsel's failure to properly investigate alibi claims or call witnesses to provide testimony supporting that alleged alibi. In other words, hearings were held to determine if there was any sound reason for counsel's failure to investigate or call witnesses to verify an alibi claim. Such is not the nature of the claim in the instant application.

Rather, the gravamen of defendant's instant motion centers on trial counsel's failure to investigate the authenticity of certain items of evidence introduced at trial. A determination with respect to counsel's effectiveness based on that alleged omission does not require an evidentiary hearing. The omission and its legal effects are simply not subject to resolution by taking testimony at such a hearing. In other words, testimony will not reveal trial counsel's strategy or tactics, the investigations were simply not done. Consequently, inasmuch as that information collected by the defendant post-trial is clearly outside the trial record, that branch of defendant's motion must be denied as procedurally defective (*see People v. Williams*, 34 AD3d 856 [2006]; *People v. Wells*, 265 AD2d 588 [1999]; *People v. Armstrong*, 237 AD2d 452 [1997]; *see also People v. Griffin*, 48 AD3d 1233 [2008]). Additionally, this Court cannot conclude, for that matter, that trial counsel's failure to obtain this new information prior to trial "would require a reversal or modification of the judgment as a matter of law by an appellate court" (*see* Criminal Procedure Law §330.30[1]).

As to the second prong of the application, defendant claims that trial counsel failed to raise timely objections to inadmissible hearsay in the form of "outcry witness" testimony which improperly bolstered the testimony of the victims, thus depriving him of the ineffective assistance of counsel. For the reasons that follow this branch of the defendant's application must also be denied.

To establish a claim of ineffective assistance of counsel, a defendant must demonstrate that he was deprived of a fair trial by less than meaningful representation; a simple disagreement

with strategies, tactics or the scope of possible cross-examination, weighed long after the trial, does not suffice. Defense counsel must commit egregious and prejudicial error (*see People v. Quinones*, 265 AD2d 634 [1998]). A claim of ineffective assistance of counsel will not lie where the purported failures of counsel are the result of a calculated trial strategy which, in the final analysis does not work (*see People v. Miller*, 291 AD2d 929 [2002]; *People v. Washington*, 184 AD2d 451 [1992]).

Initially, the Court notes that it is of the belief that part of the defense to this matter was the contention that the victims in this matter concocted these stories of sexual abuse as revenge against "G.G." and other members of the defendant's family after the relationship between "B.M." and "G.G." ended unpleasantly and to garner the love and attention of their own families. It is also of note that the so-called "outcry" of these victims occurred three to seven years after the crimes were committed.

Without determining the legal merits of the defendant's argument that the testimony complained of constituted inadmissible hearsay, it would appear in any event, that defense counsel's failure to object to some, not all, of the testimony was a specific trial strategy, his affirmation to the contrary notwithstanding (*see* Defendant's Exhibit "J"). That strategy was obviously to highlight the fact that these young girls waited as much as seven years to complain of the sexual abuse committed by defendant. The failure to supply an immediate "outcry," which was raised by trial counsel in his opening statement and elicited through these other witnesses, lends to the proposition and conclusion that the girls "banded-together" to create these stories as some sort of revenge against "G.G." after her relationship with "B.M." ended.

Because counsel's failure to object could be viewed as a specific trial strategy, this second prong of the defendant's motion must be denied. Such a conclusion is bolstered by this Court's opinion that, even if the Court were to credit the defendant's argument, reversal or modification by an appellate court would not be required as a matter of law (*see* Criminal Procedure Law §330.30[1]).

Finally, with respect to defendant's contention that this Court committed reversible error in not dismissing the indictment pre-trial, that branch of the application must also be denied. As part of trial counsel's pre-trial motion practice he submitted an omnibus motion seeking, among other things, dismissal of the indictment. Specifically, trial counsel contended in that motion that the indictment was defective in that it did not contain a sufficient statement in each count that the offense charged therein was committed on, or on or about, a designated date, or during a designated time period (*see* Criminal Procedure Law §200.50[6]).

This Court, applying the factors set forth in the New York State Court of Appeals case of *People v. Morris* (61 NY2d 290 [1984]), made specific determinations with respect to each of the listed factors and ultimately determined that the indictment set forth sufficient intervals of time to protect the defendant's constitutional rights (*see People v. Green*, Omnibus Motion Decision, January 8, 2008, County Court, Suffolk County, Kahn, J.). Therefore, this prong of the defendant's motion sounds in the nature of a motion to reargue.

A motion for reargument is designed to afford a party the opportunity to establish that the Court overlooked or misapprehended relevant facts or misapplied any controlling principles of law (*see Foley v. Roche*, 86 AD2d 887 [1982]; Civil Practice Law and Rules §2221). It is not designed to afford the losing party an opportunity to argue again the same issues that were previously determined.

This Court has reviewed it's pre-trial omnibus motion decision in light of the recent Appellate Division, Second Department case of *People v. Bennett* (57 AD3d 688 [2008]), upon which the defendant heavily relies. After that examination this Court concludes that the defendant has failed to make the requisite showing that the Court overlooked or misapplied any controlling principles of law. Consequently, this Court adheres to its original determination and the motion to dismiss the indictment as defective is, once again, denied.

Accordingly, the defendant's motion is denied in all respects. All parties are directed to appear before this Court at 9:30 a.m. on July 16, 2009 for sentencing in this matter.

The foregoing shall constitute the decision and order of the Court.

Dated: June 29, 2009

BARBARA KAHN, J.C.C.

**Exhibit C**

COUNTY COURT, SUFFOLK COUNTY
STATE OF NEW YORK

Present: <u>HON. BARBARA KAHN, J.C.C.</u>

-------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK

                              Indictment No. 01169/2007

          v.

                              Date of Motion: August 28, 2009

THOMAS GREEN

                      Defendant.
-------------------------------------------------------------X

HONORABLE THOMAS J. SPOTA          RONALD L. KUBY, ESQ.
District Attorney of Suffolk County       Attorney for Defendant
Marion M. Tang, Esq., *of counsel*        Law Office of Ronald L. Kuby
Criminal Courts Building               119 West 23rd Street, Suite 900
Riverhead, New York 11901           New York, New York 10011

     Defendant stands convicted of two counts of Sodomy in the First Degree in violation of Penal Law §130.50, Attempted Sodomy in the First Degree in violation of Penal Law §110-130.50, two counts of Sexual Abuse in the First Degree in violation of Penal Law §130.65 and two counts of Sexual Abuse in the Second Degree in violation of Penal Law §130.60, after a jury verdict rendered on August 21, 2008. He now moves, pursuant to Criminal Procedure Law §440.10[1](b), (c) and (h), for an order vacating that judgment of conviction. In deciding the motion the Court has considered the defendant's notice of motion, affirmation in support and memorandum of law, the People's affidavit in opposition and memorandum of law and the defendant's reply memorandum of law. The motion is determined as follows.

     Initially, Criminal Procedure Law §440.10[1] allows a court, at any time after the entry of a judgment and upon motion by the defendant, to vacate that judgment of conviction. Pertinent to the instant application, that statute specifically allows the court to grant such a motion where: (1) the judgement was procured by duress, misrepresentation or fraud on the part of the court or the prosecutor or a person acting for or in behalf of a court or a prosecutor; (2) material evidence adduced by the People at a trial resulting in the judgment was procured in violation of the defendant's rights under the constitution of this state or of the United States; or (3) the judgement was obtained in violation of a right of the defendant under the constitution of this state or of the United States (Criminal Procedure Law §440.10).

     With respect to defendant's application, he cites two issues for consideration. First, defendant maintains that his trial counsel failed to fully investigate the authenticity of certain

items of evidence offered against him at trial and therefore deprived him of the effective assistance of counsel. Next, defendant contends that the People knew or should have known of the false nature of the evidence offered against defendant which corroborated the testimony of the victims in this case, thereby depriving him of the constitutionally mandated due process of law.

As to the first prong of the application, the defendant's present counsel maintains that his investigation into the authenticity of several items admitted into evidence has revealed that each of the items indicated were improperly, or fraudulently, dated. Specifically, defendant contends that two photographs of two of the victims, "B.M." and "G.G.," which the prosecutor argued at trial were taken at a time which would corroborate the testimony of "B.M.," were actually taken several years later. This argument is supported by the defendant's post-trial investigation which has uncovered that the film used to develop the first photograph was not even manufactured until several years after the date the People maintained the photograph was taken. With respect to the other photograph, the defendant's investigation shows that a sweatshirt worn by "B.M." in the photograph displayed a logo, "Princess University," that did not enter commerce until three years after the date testified to at trial.

Additionally, the defendant maintains that a "Turbo-Twist" toy spelling machine given to "B.M." by the defendant did not enter commerce until August, 2000, not between 1998 and 1999 as the testimony at trial provided. Finally, "B.M." referred to an episode of "Law & Order: Special Victim's Unit" as one of the reasons for her delayed disclosure. That television series, the defendant's subsequent investigation revealed, did not air until several months after the time which "B.M." stated she saw a specific episode.

Each of these irregularities, defendant maintains, were susceptible to discovery with even a rudimentary investigation prior to, or even during, the trial. Considered cumulatively, the defendant argues, the failure of defense counsel to, at the very least, use the investigator previously retained by the defendant to gather this information to impugn the credibility of the victims amounted to the ineffective assistance of counsel.

With respect to that issue, the constitutional requirement of effective assistance of counsel is satisfied when "the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation (*see People v. Baldi*, 54 NY2d 137 [1981]). In order to prevail on a claim of ineffective assistance of counsel, the defendant must overcome a strong presumption that defense counsel rendered effective assistance; a simple disagreement with strategies, tactics, or the scope of possible cross-examination, weighed long after the conclusion of the case, will not suffice (*People v. Benn*, 68 NY2d 941 [1986]). Indeed, "a reviewing court must avoid confusing true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis" (*People v. Baldi, supra*). Instead, it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings (*People v. Benevento*, 91 NY2d 708 [1998]).

Here, while defense counsel's post-trial investigation has revealed that certain items of evidence originated from a time other than that represented at trial, the Court cannot say that defendant received the ineffective assistance of trial counsel. Having presided over this rather lengthy trial, this Court observed first hand trial counsel's skilled cross-examination of each the victims and several other People's witnesses. The issue of the credibility of the victims, present throughout the trial, was highlighted by trial counsel and specifically attacked on both cross-examination and through the testimony of defense witnesses. That attack was met, to some degree, with obvious success inasmuch as the defendant was acquitted of charges relating to two alleged victims.

As to those specific items of evidence now at issue, this Court cannot say that counsel's failure to investigate the dating of the photographs, the date of manufacture of the "Turbo-Twist" or the airing date of a certain episode of "Law and Order: Special Victim's Unit," deprived defendant of the ineffective assistance of counsel. While the Court may agree that the proper dating of the photographs and other material would have been beneficial to defendant, it cannot be said that the absence of this properly authenticated evidence would have resulted in defendant's complete acquittal. There was sufficient evidence adduced at trial, separate and apart from the evidence at issue, to support the People's case and defendant's convictions.

Where, as here, the evidence and the circumstances of a particular case reveal that meaningful representation was provided, a defendant's constitutional right to the effective assistance of counsel has been satisfied (*see People v. Brown*, 300 AD2d 314 [2002]; *citing People v. Satterfield*, 66 NY2d 796 [1985]). Accordingly, that branch of the defendant's motion to vacate his convictions based on the alleged ineffectiveness of trial counsel is denied.

That branch of defendant's motion for an order vacating his convictions based on duress, fraud or misrepresentation on the part of the prosecution, or alternatively, that the prosecution knowingly adduced false evidence at trial, must also be denied. There is no evidence in the record before the Court that would tend to show that the prosecutor knew or should have known that the photographs, "Turbo-Twist" and "Law and Order" episode were from a time other than that represented at trial (*People v. Stern*, 226 AD2d 238 [1996]). Indeed, with respect to the first photograph, the People relied on the testimony of the defendant's own daughter who provided a time frame for that photograph.

Based on the sum of the foregoing the defendant's motion is denied in all respects.

This shall constitute the decision and order of the Court.

Dated: December 14, 2009

_____
BARBARA KAHN, J.C.C.

COUNTY COURT : SUFFOLK COUNTY
STATE OF NEW YORK
-------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK,

        - against -

                                                 NOTICE OF ENTRY

THOMAS GREEN,                              Case No. 1169-2007

                                 Defendant.
-------------------------------------------------------------x

S I R :

        PLEASE TAKE NOTICE that the within is a true copy of an Order that was duly entered

in the Office of the Clerk of the within named Court on December 14, 2009.

DATED:      Riverhead, New York
               December 17, 2009

                                            THOMAS J. SPOTA
                                          District Attorney of
                                          Suffolk County
                                          Criminal Courts Building
                                          200 Center Drive
                                          Riverhead, New York   11901
                                          (631) 852-2500

TO:    RONALD L. KUBY, ESQ.
        Attorney for Defendant
        Law Office of Ronald L. Kuby
        119 West 23rd Street, Suite 900
        New York, NY   10011

**Exhibit D**

# Supreme Court of the State of New York
## Appellate Division : Second Judicial Department

M100979
L/

REINALDO E. RIVERA, J.

2010-00561

DECISION & ORDER ON APPLICATION

The People, etc., plaintiff,
v Thomas Green, defendant.

(Ind. No. 1169-07)

Application by the defendant, pursuant to CPL 450.15 and 460.15 for a certificate granting leave to appeal to this court from an order of the County Court, Suffolk County, dated December 14, 2009, which has been referred to me for determination.

Upon the papers filed in support of the application and the papers filed in opposition thereto, it is

ORDERED that the application is denied.

REINALDO E. RIVERA
Associate Justice

April 7 , 2010

PEOPLE v GREEN, THOMAS

**Exhibit E**

# Supreme Court of the State of New York
# Appellate Division: Second Judicial Department

D34017
N/kmb

_____AD3d_____

Argued - January 10, 2012

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ARIEL E. BELEN
SHERI S. ROMAN, JJ.

2009-09411

DECISION & ORDER

The People, etc., respondent,
v Thomas F. Green, appellant.

(Ind. No. 1169/07)

Ronald L. Kuby, New York, N.Y., and Sokolski & Zekaria, P.C., New York, N.Y. (Robert E. Sokolski and Daphna Zekaria of counsel), for appellant (one brief filed).

Thomas J. Spota, District Attorney, Riverhead, N.Y. (Karla Lato of counsel), for respondent.

Appeal by the defendant from a judgment of the County Court, Suffolk County (Kahn, J.), rendered July 16, 2009, convicting him of sodomy in the first degree (two counts), attempted sodomy in the first degree, sexual abuse in the first degree (two counts), and sexual abuse in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to dismiss the indictment.

ORDERED that the judgment is affirmed.

The defendant was accused of having committed numerous crimes of a sexual nature against five young girls: his granddaughter and four of her friends. Most of the crimes were alleged to have been committed in the defendant's home when other adults were not present, but some were alleged to have been committed in public places. The indictment, as supplemented by the bill of particulars, alleged that the crimes were committed during particular seasons in 1998-1999, 2001, and 2003. After a lengthy trial, the defendant was convicted of counts relating to three of the five complainants.

February 21, 2012

Page 1.

PEOPLE v GREEN, THOMAS F.

Before sentencing, the defendant filed a motion to set aside the verdict (*see* CPL 330.30[1]) on the ground, among others, that he had been deprived of his right to effective assistance of counsel. In that motion, the defendant cited alleged deficiencies in trial counsel's performance that appeared on the face of the record as well as deficiencies that did not appear on the record. The County Court denied the motion, finding, in part, that it could not adjudicate, in the context of a CPL 330.30 motion, claims of ineffective assistance of counsel resting on matters not appearing on the record. The defendant was sentenced to lengthy prison terms. In 2009, he filed a motion pursuant to CPL 440.10 to vacate his judgment of conviction in which he claimed that he had been deprived of his right to effective assistance of counsel. The County Court denied that motion, and the defendant's application for leave to appeal was denied by a Justice of this Court. On this direct appeal from the judgment of conviction, the defendant raises numerous claims. None requires reversal, and we affirm the judgment of conviction.

The defendant contends that the County Court erred by denying that branch of his omnibus motion which was to dismiss the indictment on the ground that, even as amplified by the bill of particulars, it did not provide sufficient notice as to when the crimes were allegedly committed (*see* CPL 200.50[6]). Taking into consideration all relevant circumstances, including, among others, the age of the victims at the times of the commission of the crimes, the nature of the crimes, and the People's efforts to narrow the time frames (*see People v Watt*, 81 NY2d 772, 774-775), the time periods alleged were not so lengthy as to require dismissal (*see People v Case*, 29 AD3d 706, 706-707; *People v Williams*, 280 AD2d 563, 564; *People v O'Keefe*, 276 AD2d 647; *cf. People v Sedlock*, 8 NY3d 535, 539-540; *People v Weekes*, 71 AD3d 1065; *People v Bennett*, 57 AD3d 688, 689; *People v Goulbourne*, 199 AD2d 533).

In addition, the defendant contends that certain testimony relating to the reporting of the crimes and the course of the police investigation constituted improper bolstering. The defendant, however, failed to preserve this contention for appellate review (*see* CPL 470.05[2]; *People v Bevans*, 84 AD3d 827; *People v Rich*, 78 AD3d 1200, 1202; *People v Santiago*, 16 AD3d 600). In any event, the testimony did not, to the extent it may have gone beyond the scope of what was proper (*cf. People v Bernardez*, 85 AD3d 936, 938), deprive the defendant of a fair trial. The defendant's contention that his trial counsel was ineffective for failing to object to the admission of the aforementioned testimony is without merit (*see People v Cass*, _____NY3d_____, 2012 NY Slip Op 01144, *9 [2012]).

Moreover, the County Court did not err in permitting expert testimony about child sexual abuse accommodation syndrome. That testimony was properly offered for the purpose of providing an explanation for the post-crime behavior of the complainants that might have appeared to be unusual or which the jurors may not have otherwise understood (*see People v Spicola*, 16 NY3d 441, 465, *cert denied* _____US_____, 132 S Ct 400; *People v Carroll*, 95 NY2d 375, 387). Further, the defendant has failed to support his claim that child sexual abuse accommodation syndrome has been discredited within the scientific community (*see People v Spicola*, 16 NY3d at 465; *cf. Gersten v Senkowski*, 426 F3d 588, 611, *cert denied sub nom. Artus v Gersten*, 547 US 1191).

Finally, the County Court correctly held that it lacked the authority to consider facts not appearing on the record in determining the defendant's motion pursuant to CPL 330.30(1) to set

aside the verdict on the ground, inter alia, of ineffective assistance of counsel (*see People v Rohlehr*, 87 AD3d 603, 604; *People v Miller*, 68 AD3d 1135).   Accordingly, the County Court properly denied that motion.

BALKIN, J.P., LEVENTHAL, BELEN and ROMAN, JJ., concur.

ENTER,

Aprilanne Agostino
Clerk of the Court

February 21, 2012

PEOPLE v GREEN, THOMAS F.

Page 3.

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION : SECOND JUDICIAL DEPARTMENT
--------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK,

                                Respondent,

        - against -

                                                NOTICE OF ENTRY
                                                Ind. No. 1169-07
THOMAS F. GREEN,                                App. Div. No.
                                                2009-09411

                                Appellant.
--------------------------------------------------------------x

S I R :

        PLEASE TAKE NOTICE that the enclosed Order was duly entered in the Office of the

Clerk of the Appellate Division, Second Department on February 21, 2012.

DATED:        Riverhead, New York
              February 28, 2012

                                        THOMAS J. SPOTA
                                        District Attorney of
                                        Suffolk County
                                        Criminal Courts Building
                                        200 Center Drive
                                        Riverhead, New York   11901
                                        (631) 852-2500


TO:     RONALD KUBY, ESQ.
        Attorney for THOMAS F. GREEN
        Law Office of Ronald Kuby
        119 West 23rd Street, Suite 900
        New York, NY   10011

**Exhibit F**

# State of New York
# Court of Appeals

BEFORE:  HONORABLE SUSAN PHILLIPS READ,
                                Associate Judge

_____

THE PEOPLE OF THE STATE OF NEW YORK,

                                                Respondent,

               -against-

THOMAS F. GREEN,

                                                Appellant.

_____

**ORDER
DENYING
LEAVE**

        Appellant having applied for leave to appeal to this Court pursuant to Criminal Procedure

Law § 460.20 from an order in the above-captioned case;*

        UPON the papers filed and due deliberation, it is

        ORDERED that the application is denied.


Dated:  June 29 , 2012


                                        _Susan Phillips Read_
                                        Associate Judge

*Description of Order:  Decision and Order of the Appellate Division, Second Department, dated
February 21, 2012, affirming a judgment of the County Court, Suffolk County, dated July 16,
2009.

**Exhibit G**





**Exhibit H**

PEOPLE'S
EXHIBIT

EV 32  5/5/08
TH









**Exhibit I**



**Polaroid**

Polaroid Corporation
300 Baker Road, Ste. 330
Concord, MA  01740

# Memorandum

**TO:** Laurie Mizrahi

**FROM:** Marianne Dilman

**DATE:** November 04,2008

**RE:** Frame code Inquiry

This memo is in response to your request for information relating to the following frame codes:

06017221343-02  1512  0210

In 2002, our frame codes were changed to 9 digits along with a one or two-digit prototype identifier that directly relates to when and where a specific film lot was manufactured.
Using the above mentioned frame codes as an example, we would decipher the frame code in the following way:

*Example:*

| 06 | 0 | 17 | 2 | 21 | 343 | - 02 | 1512 | 0210 |
|----|---|----|---|----|-----|------|------|------|
| (1) | (2) | (3) | (4) | (5) | | (6) | (7) | |

(1) **06**      – month of manufacture
(2) **0**        – year of manufacture (2000)
(3) **17**      – assembly machine number
(4) **2 21**   – shift/day production
(5) **343**    – film lot identification number
(6) **02**      – prototype identifier
(7) **1512  0210** – time sequence (military time)  / sequence number in frames.

Our manufacturing records indicate film lot #343 was manufactured on June 21, 2000 on assembly machine #17 at our Waltham Massachusetts facility and is one of Spectra Format film.  For *optimum film quality* this film lot should have been used by September 2001.

This film pack could not have been manufactured prior to 1997 – since that is when we converted to 2 digit prototype identifier.

About Spectra Film.
The film pack contains 10 pictures (exposures).  Within the film pack, the sequence number will count up.  The lowest number will be the first frame.  The highest number the last (#10) frame.  There is no way to determine the frame position from the sequence number.

I do hope that this information will assist you in your case.

Sincerely,

Marianne Dilman

**Exhibit J**

AFFIDAVIT OF CINDY GREEN
DATED JANUARY 17, 2009

STATE OF NEW YORK: ss
COUNTY OF SUFFOLK:

CINDY GREEN, being duly sworn, deposes and says:

1. I am the mother of Gina Green and give this statement freely and voluntarily.

2. I reside at 188 Overlook Drive, Farmingville, NY 11738.

3. I testified at the trial of Thomas Green as a result of being subpeonaed by the Prosecution.

4. I testified as to a ~~photograph~~ "photograph" of my daughter Gina Green and Barbara Monaco that was introduced into evidence as People's Exhibit 32.

5. I have looked at People's 32 and recall testifying that it was taken in 1998. The reason for this testimony was that the jacket the photo was held in states that it was "printed in 6/98.

6. I recall being called into the courtroom and asked to identify who was in the photo, which I did. I replied that it was my daughter Gina and her friend Barbara. I was asked

Cindy Green Affidavit – Page Two

how old she was in the picture. I recall not being sure of my daughter's exact age in the photo and took a guess as to her age. The prosecutor then handed me the photo which was in the jacket and asked me to read the wording on the lower left corner. I did and a result, my trial testimony reflects that the date on the back of the sleeve states that it was printed in June, 1998.

7. I have been shown a confirming letter from the Polaroid Corporation. This letter confirms that the photograph contained within the jacket could not have been taken in June, 1998 and instead the first possible date that this photo could have been taken is June 21, 2000, which is the date the film was used for this particular photo was manufactured.

8. As a result, it is clear to me that People's Exhibit 32 was taken after June 21, 2000.

_____
CINDY GREEN

Sworn to before me
this 17th day of January, 2009

DANIELA SOKOLSKI
Notary Public, State of New York
No. 02SO6113343
Qualified in Suffolk County
Commission Expires
2012

NOTARY PUBLIC

 **Polaroid**

Polaroid Corporation
300 Baker Road, Ste. 330
Concord, MA  01740

# Memorandum

**TO:**    Laurie Mizrahi

**FROM:**   Marianne Dilman

**DATE:**   November 04, 2008

**RE:**    Frame code Inquiry

This memo is in response to your request for information relating to the following frame codes:

06017221343-02  1512 0210

In 2002, our frame codes were changed to 9 digits along with a one or two-digit prototype identifier that directly relates to when and where a specific film lot was manufactured.

Using the above mentioned frame codes as an example, we would decipher the frame code in the following way:

*Example:*

```
06  0  17  2  21  343  - 02     1512 0210
(1)  (2)  (3)  (4)  (5)  (6)     (7)
```

(1)  **06**   - **month of manufacture**
(2)  0    - year of manufacture (2000)
(3)  **17**   - **assembly machine number**
(4)  2 21  - shift/day production
(5)  **343**  - **film lot identification number**
(6)  02   - prototype identifier
(7)  1512 0210 - time sequence (military time) / sequence number in frames.

Our manufacturing records indicate film lot #343 was manufactured on June 21, 2000 on assembly machine #17 at our Waltham Massachusetts facility and is one of Spectra Format film. For *optimum film quality* this film lot should have been used by September 2001.

This film pack could not have been manufactured prior to 1997 – since that is when we converted to 2 digit prototype identifier.

About Spectra Film.
The film pack contains 10 pictures (exposures). Within the film pack, the sequence number will count up. The lowest number will be the first frame. The highest number the last (#10) frame. There is no way to determine the frame position from the sequence number.

I do hope that this information will assist you in your case.

Sincerely,

Marianne Dilman

**Exhibit K**

 **United States Patent and Trademark Office**

Home|Site Index|Search|FAQ|Glossary|Guides|Contacts|eBusiness|eBiz alerts|News|Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Thu Oct 30 04:10:33 EDT 2008*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

## Typed Drawing

| | |
|---|---|
| **Word Mark** | PRINCESS UNIVERSITY |
| **Goods and Services** | IC 016. US 002 005 022 023 029 037 038 050. G & S: Stationery, notepads, and allied paper products, namely, notebooks and envelopes. FIRST USE: 20010705. FIRST USE IN COMMERCE: 20010705 |
| | IC 025. US 022 039. G & S: Women's clothing, namely, blouses, sweaters, skirts, slacks and footwear. FIRST USE: 20010705. FIRST USE IN COMMERCE: 20010705 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 76298498 |
| **Filing Date** | August 13, 2001 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | December 10, 2002 |
| **Registration Number** | 2692342 |
| **Registration Date** | March 4, 2003 |
| **Owner** | (REGISTRANT) EFX Marketing LLC CORPORATION NEW YORK 925 Avenue T Brooklyn NEW YORK 11223 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



Int. Cls.: **16 and 25**

Prior U.S. Cls.: **2, 5, 22, 23, 29, 37, 38, 39 and 50**

## United States Patent and Trademark Office

Reg. No. 2,692,342
Registered Mar. 4, 2003

### TRADEMARK
### PRINCIPAL REGISTER

## PRINCESS UNIVERSITY

EFX MARKETING LLC (NEW YORK CORPORA-
TION)
925 AVENUE T
BROOKLYN, NY 11223

FOR: STATIONERY, NOTEPADS, AND ALLIED
PAPER PRODUCTS, NAMELY, NOTEBOOKS AND
ENVELOPES, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29,
37, 38 AND 50).

FIRST USE 7-5-2001; IN COMMERCE 7-5-2001.

FOR: WOMEN'S CLOTHING, NAMELY, BLOU-
SES, SWEATERS, SKIRTS, SLACKS AND FOOT-
WEAR, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 7-5-2001; IN COMMERCE 7-5-2001.

SER. NO. 76-298,498, FILED 8-13-2001.

MARTHA FROMM, EXAMINING ATTORNEY

Int. Cls.: **16 and 25**

Prior U.S. Cls.: **2, 5, 22, 23, 29, 37, 38, 39 and 50**

## United States Patent and Trademark Office

Reg. No. 2,692,342
Registered Mar. 4, 2003

## TRADEMARK
### PRINCIPAL REGISTER

## PRINCESS UNIVERSITY

EFX MARKETING LLC (NEW YORK CORPORA-
TION)
925 AVENUE T
BROOKLYN, NY 11223

FOR: STATIONERY, NOTEPADS, AND ALLIED
PAPER PRODUCTS, NAMELY, NOTEBOOKS AND
ENVELOPES, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29,
37, 38 AND 50).

FIRST USE 7-5-2001; IN COMMERCE 7-5-2001.

FOR: WOMEN'S CLOTHING, NAMELY, BLOU-
SES, SWEATERS, SKIRTS, SLACKS AND FOOT-
WEAR, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 7-5-2001; IN COMMERCE 7-5-2001.

SER. NO. 76-298,498, FILED 8-13-2001.

MARTHA FROMM, EXAMINING ATTORNEY

MAY-31-02 FRI 02:05 Pm                                                      P.01

UNITED STATES PATENT AND TRADEMARK OFFICE

**Trademark Electronic Search System (TESS)**

*TESS was last updated on Thu May 30 04:10:45 EDT 2002*

| PTO HOME | TRADEMARK | TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | BOTTOM | HELP |

Logout | Please logout when you are done to release system resources allocated for you.

## Record 1 out of 1

**Check Status** *(TARR contains current status, correspondence address and attorney of record for this mark. Use the "Back" button of the Internet Browser to return to TESS)*

**Typed Drawing**

| | |
|---|---|
| **Word Mark** | PRINCESS UNIVERSITY |
| **Goods and Services** | (ABANDONED) IC 016. US 002 005 022 023 029 037 038 050. G & S: Stationery, notepads, and allied paper products, namely, notebooks and envelopes |
| | (ABANDONED) IC 025. US 022 039. G & S: Women's clothing, namely, blouses, sweaters, skirts, slacks and tees |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 76298498 |
| **Filing Date** | August 13, 2001 |
| **Owner** | (APPLICANT) FFX Marketing LLC CORPORATION NEW YORK 925 Avenue T Brooklyn NEW YORK 11223 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | DEAD |
| **Abandonment Date** | April 22, 2002 |

| PTO HOME | TRADEMARK | TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | TOP | HELP |

*Please place these papers with the previous faxed set on these "abandoned" applications*

Received from < > at 5/31/02 4:25:16 PM [Eastern Daylight Time]

08-13-2001

U.S. Patent & TMOfc/TM Mail Rcpt Dt #26

```
     Applicant: EFX Marketing LLC
       Address: 925 Avenue T
       Address: Brooklyn NY 11223
    First Date: July 5, 2001
   In Commerce: July 5, 2001
Goods/Services: IC 03 cosmetics, namely, lipsticks, nail polish
                IC 14 costume jewelry, watches
                IC 16 stationery, notepads, and allied paper products
                IC 18 leather goods, namely purses, back-packs
                IC 25 Women's clothing, namely, blouses, sweaters,
                      skirts, slacks and footwear
                IC 28 toys
                IC 38 communications, namely, entertainment, via the
                      global computer network
```

PRINCESS UNIVERSITY

**76298498**

08-13-2001

U.S. Patent & TmOfc/TM Mail Rcpt Dt. #26

```
     Applicant: EFX Marketing LLC
       Address: 925 Avenue T
       Address: Brooklyn NY 11223
    First Date: July 5, 2001
   In Commerce: July 5, 2001
Goods/Services: IC 03 cosmetics, namely, lipsticks, nail polish
                IC 14 costume jewelry, watches
                IC 16 stationery, notepads, and allied paper products
                IC 18 leather goods, namely purses, back-packs
                IC 25 Women's clothing, namely, blouses, sweaters,
                      skirts, slacks and footwear
                IC 28 toys
                IC 38 communications, namely, entertainment, via the
                      global computer network
```

.

PRINCESS UNIVERSITY

76298498

08-13-2001

U.S. Patent & TMOfc/TM Mail Rcpt Dt #26



76298498

Thank you for your request. Here are the latest results from the **TARR web server.**

This page was generated by the TARR system on 2008-10-30 16:56:26 ET

**Serial Number:** 76298498 <u>Assignment Information</u>          <u>Trademark Document Retrieval</u>

**Registration Number:** 2692342

**Mark (words only):** PRINCESS UNIVERSITY

**Standard Character claim:** No

**Current Status:** Registered.

**Date of Status:** 2003-03-04

**Filing Date:** 2001-08-13

**Transformed into a National Application:** No

**Registration Date:** 2003-03-04

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 106

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at <u>TrademarkAssistanceCenter@uspto.gov</u>**

**Current Location:** 40S -Scanning On Demand

**Date In Location:** 2008-05-08

---

## LAST APPLICANT(S)/OWNER(S) OF RECORD

1. EFX Marketing LLC

**Address:**
EFX Marketing LLC
925 Avenue T
Brooklyn, NY 11223
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** New York

---

## GOODS AND/OR SERVICES

**International Class:** 016
**Class Status:** Active

Stationery, notepads, and allied paper products, namely, notebooks and envelopes
**Basis:** 1(a)
**First Use Date:** 2001-07-05
**First Use in Commerce Date:** 2001-07-05

**International Class:** 025
**Class Status:** Active
Women's clothing, namely, blouses, sweaters, skirts, slacks and footwear
**Basis:** 1(a)
**First Use Date:** 2001-07-05
**First Use in Commerce Date:** 2001-07-05

---

## ADDITIONAL INFORMATION

(NOT AVAILABLE)

---

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

---

## PROSECUTION HISTORY

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval" shown near the top of this page.**

2008-05-08 - Case File In TICRS

2003-03-04 - Registered - Principal Register

2002-12-10 - Published for opposition

2002-11-20 - Notice of publication

2002-09-18 - Approved for Pub - Principal Register (Initial exam)

2002-05-31 - Communication received from applicant

2002-09-04 - Reinstated

2002-05-28 - Abandonment - Failure To Respond Or Late Response

2002-04-22 - Communication received from applicant

2001-10-19 - Non-final action mailed

2001-09-24 - Assigned To Examiner

---

## ATTORNEY/CORRESPONDENT INFORMATION

Case 2:12-cv-05796-ADS   Document 1-2   Filed 11/26/12   Page 57 of 116 PageID #: 151

**Correspondent**
EFX MARKETING LLC
925 AVENUE T
BROOKLYN NY 11223-3333



08-13-2001

U.S. Patent & TMOfc/TM Mail Rcpt Dt #28



**Exhibit L**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------------- x
PEOPLE OF THE STATE OF NEW YORK,

     -against-                              Ind. No. 05850-2007

THOMAS F. GREEN,                   **AFFIRMATION OF**
                                      **DAVID PRESSMAN**
                          Defendant.
-------------------------------------------------------------------x

STATE OF NEW YORK       )
                           ) ss.:
COUNTY OF NEW YORK   )

DAVID PRESSMAN, an attorney duly admitted to practice in the Courts of this State,

under penalties of perjury, affirms and says:

1.  I am an attorney in New York County, formerly engaged as part of the defense

team in the above-captioned case, and I respectfully submit this Affirmation in

support of the admissibility of the documents annexed to this Affirmation as

Exhibit A.

2.  On October 30, 2008 and November 4, 2008, I visited the website of the United

States Patent and Trademark Office, *available at*, www.uspto.gov.  On both

occasions, I followed a link to the United States Patent and Trademark Office's

"Trademark Electronic Search System" or "TESS" database.

3.  The United States Patent and Trademark Office describes the TESS database as

"intended for use by the general public" and "contain[ing] more than 4 million

pending, registered and dead federal trademarks."  <u>See</u>

http://tess2.uspto.gov/bin/gate.exe?f=tess&state=um4c2c.1.1.

1

4.  Utilizing the TESS database, I conducted a series of searches for trademark and patent documents (stored in electronic form on the database) that were related to the "Princess University" and "Turbo Twist" marks.

5.  Upon identifying the relevant marks in TESS, TESS allows users to link to the United States Patent and Trademark Office's "Trademarks Document Retrieval" or "TDR Portlet" database to retrieve electronic facsimiles of the original documents filed with respect to any particular trademark.  See, e.g., http://tmportal.uspto.gov/external/portal/tow?SRCH=Y&isSubmitted=true&details=&SELECT=US+Serial+No&TEXT=76298498.

6.  With respect to both the "Princess University" and "Turbo Twists" marks, I accessed the TDR Portlet and printed copies of relevant documents reflecting when those marks were registered with the United States Patent and Trademark Office as having first entered commerce.

7.  The printed copies of those documents, annexed hereto, were not modified or altered in any way.  They are presented to this Court in the very same form in which they were obtained from the United States Patent and Trademark Office's website and database.

2

8.  As of executing this Affirmation, the original records remain accessible via the

    TESS database and TDR Portlet on the United States Patent and Trademark

    Office's website.

Dated:          New York, New York
                December 21, 2008


                                                    DAVID PRESSMAN, ESQ

3

**Exhibit M**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
---------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK,

   -against-                                 1169-2007

THOMAS GREEN,
                         Defendant.
---------------------------------------------------------------x

### AFFIDAVIT

STATE OF NEW YORK )
                   ) ss:
COUNTY OF NASSAU )

     THOMAS GREEN, JR., being duly sworn, hereby deposes and says:

     1.    I am the son of the defendant Thomas Green and the father of Gina Green.  I currently reside at 30 Hawthorne Street, Selden, New York 11784.

     2.    Although my name was placed on the witness list as a prospective witness, I was never interviewed by my father's trial counsel.  I am one of the very few people with actual and complete knowledge of my daughter's entire life, including the time period at issue, and the fact that my daughter was not friends with Barbara Monaco and Kerri Peterson during the time period from 1998 through 1999.  During the trial, when I asked trial counsel whether he was going to have me testify, trial counsel informed me

that he was not going to put me on the witness stand because I was "too angry."

3.      Trial counsel never inquired of me whether I had any evidence that could establish the date of People's Exhibit 18 (the Halloween photograph) that Barbara Monaco testified as having been taken during Halloween 1998. (Exhibit 1).

4.      I was excluded from the courtroom (because I was on the witness list), and did not see People's Exhibit 18 until after the trial was over.

5.      Had I been asked about People's Exhibit 18 and asked to provide a date for it, I would have provided the following Exhibits and testimony:

6.      Annexed hereto as collective Exhibit 2 are color copies of actual 1998 Halloween photographs of me and my children. I was dressed as a construction worker. Gina was dressed as a Yankee baseball player. Deanna, who was born on September 12, 1996, and who appears as a toddler in the photograph, was dressed as a ladybug. Thomas Rosario Green, who was born on August 13, 1998, and appears as a small baby in the photograph, was dressed as Superman.

7.      Annexed hereto as Exhibit 3 are the birth certificates for

Thomas Rosario Green and Deanna Assunta Green.

8.      Annexed hereto as Exhibit 4 is a copy of a photograph that was taken during Halloween 2001.  This photograph depicts Gina in the same "witch" costume in which she appears in People's Exhibit 18.  My son, Thomas Green, who was three years old at the time, dressed as a scarecrow. My daughter, Deanna Green, who was five years old at the time, is dressed as Raggedy Ann.


_____

THOMAS GREEN, JR.

EVELYN WERTHEIMER
Notary Public, State of New York
No. 01WE6152866
Qualified in Suffolk County
Commission Expires Sept. 25, 2010

**Exhibit 1**





**Exhibit 2**





Exhibit 2

(Thomas Green, Jr. Affidavit)



Exhibit 2

(Thomas Green, Jr. Affidavit)



Exhibit 2

(Thomas Green, Jr. Affidavit)



Exhibit 2

(Thomas Green, Jr. Affidavit)



Exhibit 2

(Thomas Green, Jr. Affidavit)

**Exhibit 3**



*L3764292*

## CERTIFIED TRANSCRIPT OF BIRTH
# STATE OF NEW YORK
## DEPARTMENT OF HEALTH

FULL NAME OF CHILD: **THOMAS ROSARIO GREEN**

SEX: *Male*

DATE OF BIRTH: *08/13/1998*

TIME OF BIRTH: *03:03*    [ ] A.M.    X [ ] P.M.

PLACE OF BIRTH *Port Jefferson*                    , NEW YORK

MAIDEN NAME OF MOTHER: *Cindy Assunta DiBella*

NAME OF FATHER:    *Thomas Francis Green*

DATE FILED:    *09/11/1998*

LOCAL REGISTRATION NO.:    *1236*

This is to certify that the information concerning the birth of the above named person is a true and accurate transcription of the information recorded on the original local certificate of birth on file with the local registrar of _____*PORT JEFFERSON*_____, New York.
Name of Locality

*Carmela Nardi*
_____
Signature of Local Registrar

Date    *11/19/2008*
_____

Do not accept this transcript unless the raised seal of the issuing locality is affixed thereon.
**Any Alteration Invalidates This Certificate**
**See Reverse Side For A List of Security Features Used In This Form**

DOH-2673 (9/2002)

VALID DOCUMENT CONTAINS CHAIN LINK WATERMARK - HOLD UP TO LIGHT TO VALIDATE

Case 1:12-cv-05798-ADS Document 1-2 Filed 1/25/12 Page 78 of 116 PageID #: 172

# CERTIFIED TRANSCRIPT OF BIRTH
# STATE OF NEW YORK
## DEPARTMENT OF HEALTH



*L3784446*

FULL NAME OF CHILD: *DEANNA ASSUNTA GREEN*

SEX: *FEMALE*

DATE OF BIRTH: *09/12/1996*

TIME OF BIRTH: *12:37* [ ] A.M. [X] P.M.

PLACE OF BIRTH: *STONY BROOK* , NEW YORK

MAIDEN NAME OF MOTHER: *CINDY ASSUNTA DIBELLA*

NAME OF FATHER: *THOMAS FRANCIS GREEN*

DATE FILED: *09/27/1996*

LOCAL REGISTRATION NO.: *1996002946*

This is to certify that the information concerning the birth of the above named person is a true and accurate transcription of the information recorded on the original local certificate of birth on file with the local registrar of _____*BROOKHAVEN*_____ New York.

Name of Locality

*Pamela J. Bettmeil*

Signature of Local Registrar

Date *11/19/2008*

Do not accept this transcript unless the raised seal of the issuing locality is affixed thereon.

**Any Alteration Invalidates This Certificate**
**See Reverse Side For A List of Security Features Used In This Form**

DOH-2673 (9/2002)

VALID DOCUMENT CONTAINS CHAIN LINK WATERMARK - HOLD UP TO LIGHT TO VALIDATE

**Exhibit 4**



Exhibit 4

(Thomas Green, Jr. Affidavit)

Exhibit N



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Nov 4 03:44:16 EST 2008*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | **SEARCH OG** | BOTTOM | HELP | PREV LIST | CURR LIST
NEXT LIST | FIRST DOC | PREV DOC | **NEXT DOC** | **LAST DOC**

Logout Please logout when you are done to release system resources allocated for you.

Start List At:         OR Jump to record:          **Record 1 out of 3**

TARR Status | ASSIGN Status | TDR | TTAB Status *( Use the "Back" button of the Internet Browser to return to TESS)*

### Typed Drawing

| | |
|---|---|
| **Word Mark** | TURBO TWIST |
| **Goods and Services** | IC 028. US 022 023 038 050. G & S: Electronic handheld teaching game machines that teach children spelling, mathematics, science, music, history, geography and literature. FIRST USE: 20000825. FIRST USE IN COMMERCE: 20000825 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 75916584 |
| **Filing Date** | February 11, 2000 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | January 16, 2001 |
| **Registration Number** | 2534765 |
| **Registration Date** | January 29, 2002 |
| **Owner** | (REGISTRANT) LEAPFROG ENTERPRISES, INC. CORPORATION DELAWARE 6401 Hollis Street Suite 100 Emeryville CALIFORNIA 94608 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Anna Silva |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |
| **Live/Dead** | |

**Indicator**        LIVE

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451
www.uspto.gov

REGISTRATION NO: 2534765     SERIAL NO: 75/916584     MAILING DATE: 07/03/2007
REGISTRATION DATE: 01/29/2002
MARK: TURBO TWIST
REGISTRATION OWNER: LEAPFROG ENTERPRISES, INC.

CORRESPONDENCE ADDRESS:

Anna Silva
LeapFrog Enterprises, Inc.
6401 Hollis St.
Suite 100
Emeryville CA 94608

# NOTICE OF ACCEPTANCE
15 U.S.C. Sec. 1058(a)(1)

THE COMBINED AFFIDAVIT FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 8 OF THE TRADEMARK ACT, 15
U.S.C. Sec. 1058.ACCORDINGLY, THE SECTION 8 AFFIDAVIT IS ACCEPTED.

*********************************************

# NOTICE OF ACKNOWLEDGEMENT
15 U.S.C. Sec. 1065

THE AFFIDAVIT FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 15 OF THE TRADEMARK ACT, 15 U.S.C. Sec.
1065.ACCORDINGLY, THE SECTION 15 AFFIDAVIT IS ACKNOWLEDGED.

*********************************************

THE REGISTRATION WILL REMAIN IN FORCE FOR CLASS(ES):
028.

ROBERTS, SHARON YVONNE
PARALEGAL SPECIALIST
POST-REGISTRATION DIVISION
571-272-9500

PLEASE SEE THE REVERSE SIDE OF THIS NOTICE FOR INFORMATION
CONCERNING REQUIREMENTS FOR MAINTAINING THIS REGISTRATION
ORIGINAL

REQUIREMENTS FOR MAINTAINING A FEDERAL TRADEMARK REGISTRATION**I) SECTION 8: AFFIDAVIT OF CONTINUED USE** The registration
shall remain in force for 10 years, except that the registration shall be canceled for failure to file an Affidavit of Continued Use under Section 8
of the Trademark Act, 15 U.S.C. Sec. 1058, at the end of each successive 10-year period following the date of registration. **Failure to file the
Section 8 Affidavit will result in the cancellation of the registration.**
**II) SECTION 9: APPLICATION FOR RENEWAL** The registration shall remain in force for 10 years, subject to the provisions of Section 8,
except that the registration shall expire for failure to file an Application for Renewal under Section 9 of the Trademark Act, 15 U.S.C. Sec.
1059, at the end of each successive 10-year period following the date of registration. **Failure to file the Application for Renewal will result in
the expiration of the registration.**

NO FURTHER NOTICE OR REMINDER OF THESE REQUIREMENTS WILL BE SENT TO THE REGISTRANT BY THE
PATENT AND TRADEMARK OFFICE. IT IS RECOMMENDED THAT THE REGISTRANT CONTACT THE PATENT AND
TRADEMARK OFFICE APPROXIMATELY ONE YEAR BEFORE THE EXPIRATION OF THE TIME PERIODS SHOWN
ABOVE TO DETERMINE APPROPRIATE REQUIREMENTS AND FEES.

# Combined Declaration of Use and Incontestability Under Sections 8 & 15

**The table below presents the data as entered.**

| | |
|---|---|
| REGISTRATION NUMBER | 2534765 |
| REGISTRATION DATE | 01/29/2002 |
| SERIAL NUMBER | 75916584 |
| **MARK SECTION** | |
| MARK | TURBO TWIST |
| **OWNER SECTION (current)** | |
| NAME | LEAPFROG ENTERPRISES, INC. |
| STREET | 6401 Hollis Street Suite 100 |
| CITY | Emeryville |
| STATE | California |
| ZIP/POSTAL CODE | 94608 |
| COUNTRY | US |
| **OWNER SECTION (proposed)** | |
| NAME | LEAPFROG ENTERPRISES, INC. |
| STREET | 6401 Hollis Street Suite 100 |
| CITY | Emeryville |
| STATE | California |
| ZIP/POSTAL CODE | 94608 |
| COUNTRY | US |
| PHONE | 510-420-5000 |
| FAX | 510-420-5011 |
| EMAIL | trademarks@leapfrog.com |
| AUTHORIZED TO COMMUNICATE VIA E-MAIL | Yes |
| **ATTORNEY SECTION (current)** | |
| NAME | Anna Silva |
| FIRM NAME | LeapFrog Enterprises, Inc. |
| INTERNAL ADDRESS | 6401 Hollis St. |
| STREET | Suite 100 |
| CITY | Emeryville |
| STATE | California |
| ZIP/POSTAL CODE | 94608 |
| COUNTRY | United States |
| PHONE | 510-420-5000 |
| FAX | 510-420-5011 |
| EMAIL | trademarks@leapfrog.com |
| **ATTORNEY SECTION (proposed)** | |
| NAME | Anna Silva |

| FIRM NAME | LeapFrog Enterprises, Inc. |
|---|---|
| INTERNAL ADDRESS | 6401 Hollis St. |
| STREET | Suite 100 |
| CITY | Emeryville |
| STATE | California |
| ZIP/POSTAL CODE | 94608 |
| COUNTRY | United States |
| PHONE | 510-420-5000 |
| FAX | 510-420-5011 |
| EMAIL | trademarks@leapfrog.com |
| AUTHORIZED TO COMMUNICATE VIA E-MAIL | Yes |
| **GOODS AND/OR SERVICES SECTION** | |
| INTERNATIONAL CLASS | 028 |
| FILING COVERS ALL GOODS OR SERVICES IN THIS CLASS | YES |
| SPECIMEN FILE NAME(S) | \\TICRS2\EXPORT13\759\165\75916584\xml1\8150002.JPG |
| SPECIMEN DESCRIPTION | photo of a handheld electronic teaching game machine |
| **PAYMENT SECTION** | |
| NUMBER OF CLASSES | 1 |
| NUMBER OF CLASSES PAID | 1 |
| SUBTOTAL AMOUNT | 300 |
| TOTAL AMOUNT | 300 |
| **SIGNATURE SECTION** | |
| SIGNATURE | /anna silva/ |
| SIGNATORY'S NAME | Anna Silva |
| SIGNATORY'S POSITION | Intellectual Property Counsel |
| DATE SIGNED | 05/31/2007 |
| PAYMENT METHOD | DA |
| **FILING INFORMATION** | |
| SUBMIT DATE | Thu May 31 18:29:30 EDT 2007 |
| TEAS STAMP | USPTO/S08N15-63.114.26.14 -20070531182930365830-253 4765-370f1659b6d95a5107df 6112ee4e77aa6-DA-2449-200 70531182434076785 |

PTO Form 1583 (Rev 5/2006)
OMB No. 0651-0055 (Exp 10/31/2008)

### Combined Declaration of Use and Incontestability Under Sections 8 & 15

**To the Commissioner for Trademarks:**

**REGISTRATION NUMBER:** 2534765
**REGISTRATION DATE:** 01/29/2002

**MARK:** TURBO TWIST

The owner, LEAPFROG ENTERPRISES, INC., having an address of 6401 Hollis Street, Suite 100, Emeryville, California US 94608 is filing a Combined Declaration of Use and Incontestability Under Sections 8 & 15.

For International Class 028, the owner, or its related company, is using the mark in commerce on or in connection with all goods or services listed in the existing registration for this class; and, the owner, or its related company, has continuously used the mark in commerce for five (5) consecutive years after the date of registration, or the date of publication under Section 12(c), and is still using the mark in commerce on or in connection with all goods or services listed in the existing registration for this class. Also, there has been no final decision adverse to the owner's claim of ownership of such mark for those goods or services, or to the owner's right to register the same or to keep the same on the register; and, there is no proceeding involving said rights pending and not disposed of in either the U.S Patent and Trademark Office or the courts.

The owner is submitting one specimen for this class showing the mark as used in commerce on or in connection with any item in this class, consisting of a(n) photo of a handheld electronic teaching game machine.
Specimen-1

The registrant hereby appoints Anna Silva of LeapFrog Enterprises, Inc., 6401 Hollis St., Suite 100, Emeryville, California United States 94608 to file this Combined Declaration of Use and Incontestability Under Sections 8 & 15 on behalf of the registrant.

A fee payment in the amount of $300 will be submitted with the form, representing payment for 1 class(es), plus any additional grace period fee, if necessary.

**Declaration**

*The owner, or its related company, is using the mark in commerce on or in connection with the goods and/or services identified above, as evidenced by the attached specimen(s) showing the mark as used in commerce. The owner, or its related company, has continuously used the mark in commerce on or in connection with the goods and/or services identified above, for five (5) consecutive years after the date of registration, or the date of publication under Section 12(c), and is still using the mark in commerce on or in connection with the identified goods and/or services. There has been no final decision adverse to the owner's claim of ownership of such mark for such goods and/or services, or to the owner's right to register the same or to keep the same on the register; and there is no proceeding involving said rights pending and not disposed of either in the U.S. Patent and Trademark Office or in the courts.*

The undersigned being hereby warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements and the like may jeopardize the validity of this document, declares that he/she is properly authorized to execute this document on behalf of the Owner; and all statements made of his/her own knowledge are true and that all statements made on information and belief are believed to be true.

Signature: /anna silva/    Date: 05/31/2007
Signatory's Name: Anna Silva
Signatory's Position: Intellectual Property Counsel

Mailing Address:
 LeapFrog Enterprises, Inc.
 Suite 100
 Emeryville, California 94608

Mailing Address:
 LeapFrog Enterprises, Inc.
 Suite 100
 Emeryville, California 94608

Serial Number: 75916584
Internet Transmission Date: Thu May 31 18:29:30 EDT 2007
TEAS Stamp: USPTO/S08N15-63.114.26.14-20070531182930
365830-2534765-370f1659b6d95a5107df6112e
e4e77aa6-DA-2449-20070531182434076785



# ROUTING SHEET TO POST REGISTRATION (PRU)

**Registration Number:**   2534765

**Serial Number:**   75916584

**RAM Sale Number:  2449**

**RAM Accounting Date:  20070601**

**Total Fees:**      $300

Note:  Process in accordance with Post Registration Standard Operating Procedure (SOP)

| **Transaction** | **Fee Code** | **Transaction Date** | **Fee per Class** | **Number of Classes** | **Number of Classes Paid** | **Total Fee** |
|---|---|---|---|---|---|---|
| §8 affidavit | 7205 | 20070531 | $100 | 1 | 1 | $100 |
| §15 affidavit | 7208 | 20070531 | $200 | 1 | 1 | $200 |

Physical Location: 900  - FILE REPOSITORY (FRANCONIA)

Lost Case Flag: False

In TICRS (AM-FLG-IN-TICRS): True

**Transaction Date:**   20070531





Trademark

| 75916584 | TRADEMARK |
|---|---|
| | ‖‖‖‖‖‖‖‖‖‖‖ |
| | 75916584 |

New Case

JUL 1 2 2000

Law Office 110

## PROSECUTION HISTORY

| | Entry | Date | Initials |
|---|---|---|---|
| 1. | | | 32 |
| 2. | | | |
| 3 | NOP | | |
| 4. | 1/16/01 | | |
| 5. | | | |
| 6. | | | |
| 7. | NOA | | |
| 8. | 04-10-01 | EXT REQ FILED | 10  1   01 | 96 |
| 9. | | EXT REQ GRANTED | | 86 |
| 10. | | SOU FILED | 10  17  01 | 88 |
| 11. | | | |
| 12. | | | |
| 13. | | | |
| 14. | | | |
| 15. | | | |
| 16. | | | |
| 17. | | | |
| 18. | | | |
| 19. | | | |
| 20. | | | |
| 21. | | | |
| 22. | | | |
| 23. | | | |
| 24. | | | |
| 25. | | | |
| 26. | | | |
| 27. | | | |
| 28. | | | |
| 29. | | | |
| 30. | | | |

❏ See inside of file for additional entries.

## Post Registration

| Section 8 Accepted | | Renewal Granted | | Section 15 |
|---|---|---|---|---|
| (Signature) | (Date) | (Initials) | (Date) | Acknowledged |
| | | | | (Signature) |
| | | | | |
| | | | | |
| | | | | Cancelled - Section 8 |
| | | | | (Date) |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | Expired - Section 9 |
| | | | | (Date) |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

FORM PTO-102
5/9*

U.S. DEPARTMENT OF COMMERCE
Patent and Trademark Office

REG NUM : 2534765
REG DT : 01/29/2002

S/N 75/916584

75-916584

TURBO TWIST

TURBO TWIST

PRINCIPAL

LAW OFFICE 107

75-916584

+

Scott Baldwin

**FILING DATE**
February 11, 2000

**ORIGINAL APPLICANT**
Knowledge Kids Enterprises, Inc.

**GOODS/SERVICES (CLASS 028)**
electronic handheld units that teach elect ...

**FILING BASIS**
1B

**ORIGINAL CORRESPONDENT**
KARIBY M WILBUR

ATTORNEY ADVISOR:

RGT

NOA

PUBLISHED
1/16/01

| Cooley Godward LLP | ATTORNEYS AT LAW | Broomfield, CO<br>720 566 4000 |
|---|---|---|

ATTORNEYS AT LAW

One Maritime Plaza
20th Floor
San Francisco, CA
94111-3580
Main    415 693-2000
Fax     415 951-3699

Broomfield, CO
720 566 4000
Denver, CO
303 606 4800
Kirkland, WA
425 893-7700
Menlo Park, CA
650 843-5100
Palo Alto, CA
650 843-5000
Reston, VA
703 262 8000
San Diego, CA
858 550-6000

10-22-2001
U.S. Patent & TMOfc/TM Mail Rcpt Dt #76

October 17, 2001

VIA FIRST CLASS MAIL

www.cooley.com

Assistant Commissioner for Trademarks
Box ITU FEE
2900 Crystal Drive
Arlington, Virginia 22202-3513

DEBORAH A. DAVIS
415 693-2168
ddavis@cooley.com

**Re:    Statement of Use for Trademark Application**
**Our File:  LeapFrog Enterprises, Inc./TURBO TWIST/U.S., Class 28**
**Our Reference:  123021-254**

Dear Assistant Commissioner:

Enclosed please find a Statement of Use for the following trademark application:

> Applicant:    LeapFrog Enterprises, Inc., formerly known
> as Knowledge Kids Enterprises, Inc.
> Mark:    TURBO TWIST
> Serial No.:   75/916,584

Applicant changed its name from Knowledge Kids Enterprises, Inc. to LeapFrog Enterprises, Inc., effective February 1, 2001. The assignment is recorded at Reel/Frame No. 2280/0074 and is enclosed for your convenience.

Also enclosed is a check in the amount of $100.00 which is the required fee for filing this document. Please charge any deficiency or credit any overpayment of this fee to Deposit Account No. 03-3118. A duplicate copy of this letter as authorization is attached for your convenience.

Very truly yours,

COOLEY GODWARD LLP

Deborah A. Davis

DAD:dlm
Enclosures
cc:    Pepi Ross, Esq. (w/encl.)
Susan C. Philpot, Esq. (w/o encl.)
Kathryn M. Wheble, Esq. (w/encl.)
695863

TURBO TWIST   75/916,584

Specimen





TURBO TWIST    75/916,584

Specimen





# TRADEMARK EXAMINATION M/C SHEET

☐ AMENDMENT STAGE     ☐ NO CHANGE     ☐ PUBLICATION/REGISTRATION STAGE

Name: ***CHRISTINE TAYLOR***     L.O. 112     Serial No. 75/916584

INSTRUCTIONS: Place a check mark in the appropriate column and/or box to indicate which data elements have been amended/coded.

## Legal Instrument Examiner

| | Amended | Data Element | |
|---|---|---|---|
| **Class Data** | | ☐ Prime/International Class | ☐ Goods and Services |
| | | ☐ First Use Date | ☐ First Use in Commerce Date |
| | | ☐ In Another Form | ☐ Certification |
| | | ☐ 1b | |
| **Mark Data** | | ☐ Word Mark | ☐ Pseudo Mark |
| | | ☐ Mark Drawing Code | ☐ Design Search Code |
| | | ☐ Scan Sub Drawing | |
| **Misc. Mark Data** | | ☐ Mark Description | ☐ Disclaimer |
| | | ☐ Lining/Stippling | ☐ Name/Portrait/Consent |
| | | ☐ Translation | |
| **Section 2(f)** | | ☐ Section 2(f) Entire Mark | |
| | | ☐ Section 2(f) Limitation Statement | ☐ Section 2(f) in Part |
| | | ☐ Amended Register | ☐ AmendeRegister Date |
| **Foreign Reg. Data** | | ☐ Foreign Country | ☐ 44(d) |
| | | ☐ Foreign Application Number | ☐ Foreign Application Filing Date |
| | | ☐ Foreign Registration Number | ☐ Foreign Registration Date |
| | | ☐ Foreign Registration Expiration Date | ☐ Foreign Renewal Reg. Number |
| | | ☐ Foreign Reg. Renewal Expiration Date | ☐ Foreign Renewal Reg. Date |
| **Owner Data** | | ☐ Owner Name | ☐ DBA/AKA/TA |
| | | ☐ Address 1 | ☐ Address 2 |
| | | ☐ City | ☐ State |
| | | ☐ Zip Code | |
| | | ☐ Citizenship | ☐ Entity |
| | | ☐ Entity Statement | ☐ Composed of |
| | | ☐ Assignment(s)/Name Change | |
| **Amd/Corr Restr.** | | ☐ Concurrent Use | |
| **Prior U.S. Reg.** | | ☐ Prior Registration | |
| **Correspondence** | | ☐ Attorney | ☐ Domestic Representative |
| | | ☐ Attorney Docket Number | |
| | | ☐ Correspondence Firm Name/Address | |

I certify that all corrections have been entered in accordance with text editing guidelines.

SLIE     CHRISTINE TAYLOR     DATE 11/26/2001

Other: _____



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
ASSISTANT SECRETARY AND COMMISSIONER
OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

JULY 03, 2001

PTAS

COOLEY GODWARD LLP
KATHRYN M. WHEBLE, ESQ.
ONE MARITIME PLAZA, 20TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3580



*1O1688127A*

**RECEIVED**

JUL 0 9 2001

ᴋ., ᴄᴀʟᴇ

UNITED STATES PATENT AND TRADEMARK OFFICE
NOTICE OF RECORDATION OF ASSIGNMENT DOCUMENT

THE ENCLOSED DOCUMENT HAS BEEN RECORDED BY THE ASSIGNMENT DIVISION OF
THE U.S. PATENT AND TRADEMARK OFFICE. A COMPLETE MICROFILM COPY IS
AVAILABLE AT THE ASSIGNMENT SEARCH ROOM ON THE REEL AND FRAME NUMBER
REFERENCED BELOW.

PLEASE REVIEW ALL INFORMATION CONTAINED ON THIS NOTICE. THE
INFORMATION CONTAINED ON THIS RECORDATION NOTICE REFLECTS THE DATA
PRESENT IN THE PATENT AND TRADEMARK ASSIGNMENT SYSTEM. IF YOU SHOULD
FIND ANY ERRORS OR HAVE QUESTIONS CONCERNING THIS NOTICE, YOU MAY
CONTACT THE EMPLOYEE WHOSE NAME APPEARS ON THIS NOTICE AT 703-308-9723.
PLEASE SEND REQUEST FOR CORRECTION TO: U.S. PATENT AND TRADEMARK OFFICE,
ASSIGNMENT DIVISION, BOX ASSIGNMENTS, CG-4, 1213 JEFFERSON DAVIS HWY,
SUITE 320, WASHINGTON, D.C. 20231.

RECORDATION DATE: 04/11/2001      REEL/FRAME: 002280/0074
     NUMBER OF PAGES: 6

BRIEF: CHANGE OF NAME

ASSIGNOR:
    KNOWLEDGE KIDS ENTERPRISES, INC.      DOC DATE: 02/01/2001
     CITIZENSHIP: DELAWARE
     ENTITY: CORPORATION

ASSIGNEE:
    LEAPFROG ENTERPRISES, INC.      CITIZENSHIP: DELAWARE
    6401 HOLLIS STREET, SUITE 150      ENTITY: CORPORATION
    EMERYVILLE, CALIFORNIA 94608

APPLICATION NUMBER: 75693801      FILING DATE: 04/29/1999
REGISTRATION NUMBER:      ISSUE DATE:

MARK: ALPHABET PAL
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN TYPED FORM

APPLICATION NUMBER: 75239375      FILING DATE: 02/10/1997
REGISTRATION NUMBER:      ISSUE DATE:

MARK: LEAPFROG
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN TYPED FORM

Entered in Trademark Docket
By: ___ Date: 7·17·01
Action Due: Notify Evan Brace
Due Date: 9·1·01
Reviewed by: ___

**COPY**

002280/0074 PAGE 2

APPLICATION NUMBER: 75239399        FILING DATE: 02/10/1997
REGISTRATION NUMBER:                ISSUE DATE:

MARK: LEAPFROG
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN TYPED FORM

APPLICATION NUMBER: 75239425        FILING DATE: 02/10/1997
REGISTRATION NUMBER:                ISSUE DATE:

MARK: LEAPFROG
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN TYPED FORM

APPLICATION NUMBER: 75239516        FILING DATE: 02/10/1997
REGISTRATION NUMBER:                ISSUE DATE:

MARK: LEAPFROG
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN TYPED FORM

APPLICATION NUMBER: 75239538        FILING DATE: 02/10/1997
REGISTRATION NUMBER:                ISSUE DATE:

MARK: LEAPFROG
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN TYPED FORM

APPLICATION NUMBER: 75240078        FILING DATE: 02/10/1997
REGISTRATION NUMBER: 2448032        ISSUE DATE: 05/01/2001

MARK: LEAPFROG
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN TYPED FORM

APPLICATION NUMBER: 75238938        FILING DATE: 02/10/1997
REGISTRATION NUMBER:                ISSUE DATE:

MARK: LEAPFROG
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN TYPED FORM

APPLICATION NUMBER: 75410344        FILING DATE: 12/23/1997
REGISTRATION NUMBER:                ISSUE DATE:

MARK: LEAPFROG
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN TYPED FORM

APPLICATION NUMBER: 75239546        FILING DATE: 02/10/1997
REGISTRATION NUMBER:                ISSUE DATE:

MARK: LEAPFROG
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN TYPED FORM

APPLICATION NUMBER: 75645900        FILING DATE: 02/19/1999
REGISTRATION NUMBER:                ISSUE DATE:

MARK: LEAPFROG LEAPPAD
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN TYPED FORM

COPY

002280/0074 PAGE 3

APPLICATION NUMBER: 76197255       FILING DATE: 01/19/2001
REGISTRATION NUMBER:            ISSUE DATE:

MARK: LEAPFROG LEARNING POND
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN TYPED FORM

APPLICATION NUMBER: 76197256       FILING DATE: 01/19/2001
REGISTRATION NUMBER:            ISSUE DATE:

MARK: LEAPFROG LEARNING POND
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN TYPED FORM

APPLICATION NUMBER: 76175391       FILING DATE: 11/30/2000
REGISTRATION NUMBER:            ISSUE DATE:

MARK: LEAPFROG SCHOOLHOUSE
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN TYPED FORM

APPLICATION NUMBER: 76175320       FILING DATE: 11/30/2000
REGISTRATION NUMBER:            ISSUE DATE:

MARK: LEAPFROG SCHOOLHOUSE
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN TYPED FORM

APPLICATION NUMBER: 75764192       FILING DATE: 07/30/1999
REGISTRATION NUMBER:            ISSUE DATE:

MARK: LEAPFROG SCHOOLHOUSE
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN TYPED FORM

APPLICATION NUMBER: 76129744       FILING DATE: 09/15/2000
REGISTRATION NUMBER:            ISSUE DATE:

MARK: LEAPLINK
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN TYPED FORM

APPLICATION NUMBER: 75645939       FILING DATE: 02/19/1999
REGISTRATION NUMBER:            ISSUE DATE:

MARK: LEAPPAD
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN TYPED FORM

APPLICATION NUMBER: 76177320       FILING DATE: 12/07/2000
REGISTRATION NUMBER:            ISSUE DATE:

MARK: LEAP'S PHONICS POND
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN TYPED FORM

APPLICATION NUMBER: 75916117       FILING DATE: 02/11/2000
REGISTRATION NUMBER:            ISSUE DATE:

MARK: LEAPZONE
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN TYPED FORM

COPY

002280/0074 PAGE 4

APPLICATION NUMBER: 75916589          FILING DATE: 02/11/2000
REGISTRATION NUMBER:                  ISSUE DATE:

MARK: LEAPZONE
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN TYPED FORM

APPLICATION NUMBER: 75938867          FILING DATE: 03/08/2000
REGISTRATION NUMBER:                  ISSUE DATE:

MARK: MINDLINK
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN TYPED FORM

APPLICATION NUMBER: 75445409          FILING DATE: 02/27/1998
REGISTRATION NUMBER: 2455717          ISSUE DATE: 05/29/2001

MARK: THINK & GO
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN TYPED FORM

APPLICATION NUMBER: 75916584          FILING DATE: 02/11/2000
REGISTRATION NUMBER:                  ISSUE DATE:

MARK: TURBO TWIST
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN TYPED FORM

APPLICATION NUMBER: 75437996          FILING DATE: 02/20/1998
REGISTRATION NUMBER: 2453490          ISSUE DATE: 05/22/2001

MARK: TWIST & SHOUT
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN TYPED FORM

APPLICATION NUMBER: 76083941          FILING DATE: 07/05/2000
REGISTRATION NUMBER:                  ISSUE DATE:

MARK: WEBFROG
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN TYPED FORM

APPLICATION NUMBER: 75430319          FILING DATE: 02/06/1998
REGISTRATION NUMBER: 2406699          ISSUE DATE: 11/21/2000

MARK: FLASH MAGIC
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN TYPED FORM

APPLICATION NUMBER: 75444999          FILING DATE: 03/05/1998
REGISTRATION NUMBER: 2300772          ISSUE DATE: 12/14/1999

MARK: HUG & LEARN
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN TYPED FORM

APPLICATION NUMBER: 75238939          FILING DATE: 02/10/1997
REGISTRATION NUMBER: 2211682          ISSUE DATE: 12/15/1998

MARK: LEAPFROG
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN TYPED FORM

COPY

002280/0074 PAGE 5

APPLICATION NUMBER: 74635980          FILING DATE: 02/17/1995
REGISTRATION NUMBER: 2120195          ISSUE DATE: 12/09/1997

MARK: LEAPFROG
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN TYPED FORM

APPLICATION NUMBER: 75351148          FILING DATE: 09/03/1997
REGISTRATION NUMBER: 2264123          ISSUE DATE: 07/27/1999

MARK: LEAPFROG
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN TYPED FORM

APPLICATION NUMBER: 75350979          FILING DATE: 09/03/1997
REGISTRATION NUMBER: 2284485          ISSUE DATE: 10/12/1999

MARK: LEAP FROG
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS AND DESIGN

APPLICATION NUMBER: 74635811          FILING DATE: 02/17/1995
REGISTRATION NUMBER: 2169827          ISSUE DATE: 06/30/1998

MARK: LEAP FROG
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS AND DESIGN

APPLICATION NUMBER: 73435765          FILING DATE: 07/22/1983
REGISTRATION NUMBER: 1294594          ISSUE DATE: 09/11/1984

MARK: LEAP FROG
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS AND DESIGN

APPLICATION NUMBER: 73457270          FILING DATE: 12/14/1983
REGISTRATION NUMBER: 1306993          ISSUE DATE: 11/27/1984

MARK: LEAPFROG SERIES LIMITED VOCABULARY
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS AND DESIGN

APPLICATION NUMBER: 75444977          FILING DATE: 03/05/1998
REGISTRATION NUMBER: 2388261          ISSUE DATE: 09/19/2000

MARK: LITTLE COMPOSER
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN TYPED FORM

APPLICATION NUMBER: 75463815          FILING DATE: 04/07/1998
REGISTRATION NUMBER: 2294754          ISSUE DATE: 11/23/1999

MARK: LITTLE LEAP
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN TYPED FORM

APPLICATION NUMBER: 75173519          FILING DATE: 09/30/1996
REGISTRATION NUMBER: 2206377          ISSUE DATE: 12/01/1998

MARK: PHONICS BUS
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN TYPED FORM

COPY

002280/0074 PAGE 6

APPLICATION NUMBER: 75173520          FILING DATE: 09/30/1996
REGISTRATION NUMBER: 2206378          ISSUE DATE: 12/01/1998

MARK: PHONICS DESK
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN TYPED FORM

APPLICATION NUMBER: 75173521          FILING DATE: 09/30/1996
REGISTRATION NUMBER: 2119426          ISSUE DATE: 12/09/1997

MARK: PHONICS TRAVELER
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN TYPED FORM


ALLYSON PURNELL, EXAMINER
ASSIGNMENT DIVISION
OFFICE OF PUBLIC RECORDS

COPY

| | RECORDATION FORM COVER SHEET | U.S. DEPARTMENT OF COMMERCE |
|---|---|---|
| 101688127 | TRADEMARKS ONLY | Patent and Trademark Office |

...tents and Trademarks.  Please record the attached original documents or copy thereof.

MRD
4.11.01

| 1. Name of conveying party(ies): | 2. Name and address of receiving party(ies): |
|---|---|
| Knowledge Kids Enterprises, Inc. | Name:  LeapFrog Enterprises, Inc. |
| ☐ Individual(s)  ☐ Association<br>☐ General Partnership  ☐ Limited Partnership<br>☒ Corporation-State  Delaware<br>☐ Other _____ | Street Address:  6401 Hollis Street, Suite 150<br><br>City:  Emeryville  State:  California  ZIP:  94608 |
| Additional name(s) of conveying party(ies) attached?  No | ☐ Individual(s) citizenship<br>☐ Association<br>☐ General Partnership<br>☐ Limited Partnership<br>☒ Corporation-State  Delaware<br>☐ Other _____ |

APR 11 2001

| 3. Nature of conveyance: | |
|---|---|
| ☐ Assignment  ☐ Merger<br>☐ Security Agreement  ☒ Change of Name<br>☐ Other _____ | If assignee is not domiciled in the United States, a domestic representative designation is attached:<br>☐ Yes  ☐ No<br>(Designation must be a separate document from Assignment). |
| Execution Date:  February 1, 2001 | Additional name(s) & address(es) attached?  ☐ Yes  ☐ No |

| 4. Application number(s) or registration number(s): | |
|---|---|
| A. Trademark Application No.(s) | B. Trademark Registration No.(s) |
| 26 applications – please see attached | 14 registrations – please see attached |

Additional numbers attached?  Yes

| 5. Name and address of party to whom correspondence concerning document should be mailed: | 6. Total number of applications and registrations involved:  40 |
|---|---|
| Name:  Kathryn M. Wheble, Esq. | 7. Total fee (37 CFR 3.41):  $1,015.00 |
| Internal Address:  Cooley Godward LLP | ☒ Enclosed<br>☐ Authorized to be charged to deposit account |
| Street Address:  One Maritime Plaza, 20th Floor | 8. Deposit account number: |
| City:  San Francisco  State:  California  ZIP  94111-3580 | _please charge discrepancy or credit overpayment to 03-3118_<br>(Attach duplicate copy of this page if paying by deposit account) |

**DO NOT USE THIS SPACE**

**9. Statement and signature.**
*To the best of my knowledge and belief, the foregoing information is true and correct and any attached copy is a true copy of the original document.*

Kathryn M. Wheble          4-9-01
_____      _____
Kathryn M. Wheble          Date

**Total number of pages including cover letter, cover sheet, attachments, and document:  Eight (includes check)**

Mail documents to be recorded with required cover sheet information to:
Commissioner of Patents and Trademarks, Box Assignments, Washington, D.C. 20231

04/25/2001 BAYRNE   00000069 75693801
01 FC:481              40.00 OP
02 FC:482             975.00 OP

633880 v1/SF
DL3S01!.DOC

COPY

CONFIDENTIAL:
ATTORNEY-CLIENT PRIVILEGED
ATTORNEY WORK PRODUCT

# LEAPFROG ENTERPRISES, INC.

PENDING APPLICATIONS

| MARK | APPLICATION NO. |
| --- | --- |
| ALPHABET PAL | 75/693,801 |
| LEAPFROG | 75/239,375 |
| LEAPFROG | 75/239,399 |
| LEAPFROG | 75/239,425 |
| LEAPFROG | 75/239,516 |
| LEAPFROG | 75/239,538 |
| LEAPFROG | 75/240,078 |
| LEAPFROG | 75/238,938 |
| LEAPFROG | 75/410,344 |
| LEAPFROG | 75/239,546 |
| LEAPFROG LEAPPAD | 75/645,900 |
| LEAPFROG LEARNING POND | 76/197,255 |
| LEAPFROG LEARNING POND | 76/197,256 |
| LEAPFROG SCHOOLHOUSE | 76/175,391 |
| LEAPFROG SCHOOLHOUSE | 76/175,320 |
| LEAPFROG SCHOOLHOUSE | 75/764,192 |
| LEAPLINK | 76/129,744 |
| LEAPPAD | 75/645,939 |
| LEAP'S PHONICS POND | 76/177,320 |
| LEAPZONE | 75/916,117 |
| LEAPZONE | 75/916,589 |
| MINDLINK | 75/938,867 |
| THINK & GO | 75/445,409 |
| TURBO TWIST | 75/916,584 |
| TWIST & SHOUT | 75/437,996 |
| WEBFROG | 76/083,941 |



CONFIDENTIAL
*ATTORNEY-CLIENT PRIVILEGED*
*ATTORNEY WORK PRODUCT*

## LEAPFROG ENTERPRISES, INC.

### REGISTERED MARKS

| MARK | REGISTRATION NO |
|---|---|
| FLASH MAGIC | 2,406,699 |
| HUG & LEARN | 2,300,772 |
| LEAPFROG | 2,211,682 |
| LEAPFROG | 2,120,195 |
| LEAPFROG | 2,264,123 |
| LEAP FROG and Design | 2,284,485 |
| LEAP FROG and Design | 2,169,827 |
| LEAP FROG and Design | 1,294,594 |
| LEAPFROG SERIES LIMITED VOCABULARY and Design | 1,306,993 |
| LITTLE COMPOSER | 2,388,261 |
| LITTLE LEAP | 2,294,754 |
| PHONICS BUS | 2,206,377 |
| PHONICS DESK | 2,206,378 |
| PHONICS TRAVELER | 2,119,426 |

COPY

633385 v1/SF
DKQ1011.DOC

*State of Delaware*

*Office of the Secretary of State*

PAGE 1

---

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF AMENDMENT OF "KNOWLEDGE KIDS ENTERPRISES, INC.", CHANGING ITS NAME FROM "KNOWLEDGE KIDS ENTERPRISES, INC." TO "LEAPFROG ENTERPRISES, INC.", FILED IN THIS OFFICE ON THE FIRST DAY OF FEBRUARY, A.D. 2001, AT 11 O'CLOCK A.M.

A FILED COPY OF THIS CERTIFICATE HAS BEEN FORWARDED TO THE NEW CASTLE COUNTY RECORDER OF DEEDS.

*Harriet Smith Windsor*

Harriet Smith Windsor, Secretary of State

2780677 8100

010053093

AUTHENTICATION: 0949871

DATE: 02-01-01



CERTIFICATE OF AMENDMENT
OF
AMENDED AND RESTATED CERTIFICATE OF INCORPORATION
OF

KNOWLEDGE KIDS ENTERPRISES, INC.

Knowledge Kids Enterprises, Inc., a corporation organized and existing under and by virtue of the General Corporation Law of the State of Delaware,

DOES HEREBY CERTIFY:

FIRST:  That the Board of Directors of said corporation by the unanimous written consent of its members, filed with the minutes of the board, adopted a resolution proposing and declaring advisable the following amendment to the Amended and Restated Certificate of Incorporation of said corporation:

NOW, THEREFORE, BE IT RESOLVED, that the Amended and Restated Certificate of Incorporation be amended by changing Article I thereof so that, as amended, said Article I shall read in its entirety as follows:

"The name of the corporation (the "Corporation") is:

LEAPFROG ENTERPRISES, INC. "

SECOND:  That in lieu of a meeting and vote of stockholders entitled to vote, the holder of a majority of the shares entitled to vote has given written consent to said amendment in accordance with the provisions of Section 228 of the General Corporation Law of the State of Delaware.

STATE OF DELAWARE
SECRETARY OF STATE
DIVISION OF CORPORATIONS
FILED 09:00 AM 02/01/2001
010053933 - 2760677

COPY

THIRD:  That the aforesaid amendment was duly adopted in accordance with the applicable provisions of Section 242 and 228 of the General Corporation Law of the State of Delaware.

IN WITNESS WHEREOF, said Knowledge Kids Enterprises, Inc. has caused this certificate to be signed by Stanley E. Maron, its Secretary, this 1st day of February, 2001.

KNOWLEDGE KIDS ENTERPRISES, INC.

By: _____
STANLEY E. MARON, Secretary

2

COPY



## Fee History Query

### Revenue Accounting and Management

**Name/Number:** 75916584          **Total Records Found:** 4

**Start Date:** Any Date          **End Date:** Any Date

| Accounting Date | Sequence Num. | Tran Type | Fee Code | Fee Amount | Mailroom Date | Payment Method |
|---|---|---|---|---|---|---|
| 02/17/2000 | 00000103 | 0 | 361 | $325.00 | 02/11/2000 | OP |
| 09/15/2000 | 00000045 | 3 | 466 | $15.00 | 09/15/2000 | OP |
| 10/22/2001 | 00000008 | 0 | 364 | $150.00 | 10/15/2001 | OP |
| 10/24/2001 | 00000280 | 0 | 363 | $100.00 | 10/22/2001 | OP |

<table>
<tr><td colspan="2">

**Certificate of Mailing**

I hereby certify that this correspondence is being deposited with the United States Postal Service as First Class Mail, postage prepaid in an envelope addressed to: Assistant Commissioner for Trademarks, BOX ITU – FEE, 2900 Crystal Drive, Arlington, VA 22202-3513.

_____ (Name)

_____ 10·10·01 _____ (Date)

</td></tr>
</table>

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
### TRADEMARK EXAMINING OPERATION

In Re the Trademark Application:

Serial No.:        75/916,584

Applicant:        LeapFrog Enterprises, Inc.

Trademark:        TURBO TWIST

Notice of Allowance
Mailing Date:    April 10, 2001

EXT REQ GRANTED
(10·17·0)
SU

Assistant Commissioner for Trademarks
BOX ITU - FEE
2900 Crystal Drive
Arlington, Virginia 22202-3513

### FIRST REQUEST FOR EXTENSION OF TIME UNDER 37 C.F.R. § 2.89 TO FILE A STATEMENT OF USE

Applicant, LeapFrog Enterprises, Inc., formerly known as Knowledge Kids Enterprises, Inc., requests a six-month extension of time within which to file the Statement of Use under 37 C.F.R. § 2.89 in the above-captioned application.

Applicant has a continued *bona fide* intention to use the mark in commerce in connection with those goods identified in the Notice of Allowance in this application.

691423 v1/SF
#TS701!.DOC

This is the First Request For Extension of Time following the mailing of the Notice of Allowance.

DECLARATION

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements may jeopardize the validity of the application or any resulting registration, declares that she is properly authorized to execute this Request for Extension of Time to File a Statement of Use on behalf of the applicant; she believes the applicant to be the owner of the mark sought to be registered; and that all statements made of her own knowledge are true and all statements made on information and belief are believed to be true.

LeapFrog Enterprises, Inc.

Date: 10/10/01　　　　　By: _____

Deborah A. Davis
Attorney for Applicant
Cooley Godward, LLP
One Maritime Plaza, 20th Floor
San Francisco, CA 94111-3580
Telephone: 415/693-2000

2

 

**Cooley Godward LLP**
San Francisco General Account

No. 401194

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 10/10/01 | Assistant Commissioner for Trademarks    009002    *0 | 150.00 |
| 10/09/01 | | 150.00 |
| | 123021-254/ Extension Request - TURBO TWIST | |

THIS CHECK IS VOID WITHOUT A COLORED BACKGROUND ON THE FACE AND AN ARTIFICIAL WATERMARK ON THE BACK - HOLD AT ANGLE TO VIEW

**BANK OF AMERICA NT&SA**
San Francisco Regional
Commercial Banking Office 1489
346 Montgomery St
San Francisco, CA 94104

75/716,584
extension request

**Cooley Godward LLP**
ATTORNEYS AT LAW
One Maritime Plaza, 20th Floor
San Francisco, CA 94111-3580

No. 401194

11-35
1210

DATE
10/10/01

AMOUNT
$150.00

PAY EXACTLY:     $150 DOLLARS AND 00 CENTS

**PAY**
TO THE    ASSISTANT COMMISSIONER FOR TRADEMARKS
ORDER    U.S. PATENT AND TRADEMARK OFFICE
OF    ARLINGTON VA 22202-3513

COUNTERSIGN OVER $5,000.00
Cooley Godward LLP
San Francisco General Account

⑆ 401194⑈ ⑆1210003581⑈ 14997 50919⑈

Applicant: Leap Frog Enterprises Inc   Date Mailed: 10·10·01
Mark: TURBO TWIST   Opp No:
Ser/Reg No: 75/916,584   C/M No: 123021·254
Our File: Leap Frog Enterprises Inc. /   Atty/Sec'y: DAO · dlm : lml
TURBO TWIST / U.S., Class 28
Express Mail No:   1st Class Mail

The following has been received in the U.S. Patent and Trademark Office on the date stamped hereon:

✓ Transmittal Letter          ___ Amendment to Allege Use
_·_ Trademark Application, ___ pgs   ___ Declaration Under Sections 8 and 15
___ Service Mark Application, ___ pgs   ___ Recordation of Trademark Assignment Cover Sheet
___ Response to Office Action No. ____   ___ Statement of Use with 3 Specimens
✓ Request for Extension of Time    ___ 3 Specimens Enclosed

✓ Check No. 401194 for $ 150.00

___ Other:

# Cooley Godward LLP

ATTORNEYS AT LAW

One Maritime Plaza
20th Floor
San Francisco, CA
94111-3580
Main    415 693-2000
Fax     415 951-3699

www.cooley.com

DEBORAH A. DAVIS
415 693-2168
ddavis@cooley.com

Broomfield, CO
720 566-4000

Denver, CO
303 606-4800

Kirkland, WA
425 893-7700

Menlo Park, CA
650 843-5100

Palo Alto, CA
650 843-5000

Reston, VA
703 262-8000

San Diego, CA
858 550-6000

October 10, 2001

VIA FIRST CLASS MAIL

Assistant Commissioner for Trademarks
Box ITU FEE
2900 Crystal Drive
Arlington, Virginia 22202-3513

**Re:   Request for Extension of Time to File a Statement of Use for Trademark Application
Our File:  LeapFrog Enterprises, Inc./TURBO TWIST/U.S., Class 28
Our Reference:  123021-254**

Dear Assistant Commissioner:

Enclosed please find a Request for Extension of Time to File a Statement of Use for the
following trademark application:

| | |
|---|---|
| Applicant: | LeapFrog Enterprises, Inc., formerly known as Knowledge Kids Enterprises, Inc. |
| Mark: | TURBO TWIST |
| Serial No.: | 75/916,584 |

Applicant changed its name from Knowledge Kids Enterprises, Inc. to LeapFrog Enterprises,
Inc., effective February 1, 2001. The assignment is recorded at Reel/Frame No. 2280/0074.

Also enclosed is a check in the amount of $150.00 which is the required fee for filing this
document. Please charge any deficiency or credit any overpayment of this fee to Deposit
Account No. 03-3118.  A duplicate copy of this letter as authorization is attached for your
convenience.

Very truly yours,

COOLEY GODWARD LLP

Deborah A. Davis

DAD:dlm
Enclosures
cc:   Pepi Ross, Esq. (w/encl.)
      Susan C. Philpot, Esq. (w/o encl.)
      Kathryn M. Wheble, Esq. (w/encl.)
693721

Entered in Trademark Docket
By: _gg_ Date: _10-12-0_
Action Due: _Sou or Ext_
Due Date: _4-12-0_
Reviewed by: _d_

**UNITED STA    DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
ASSISTANT SECRETARY AND COMMISSIONER
OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

JULY 03, 2001

PTAS

COOLEY GODWARD LLP
KATHRYN M. WHEBLE, ESQ.
ONE MARITIME PLAZA, 20TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3580


*1O1688127A*

**RECEIVED**

.IIII 0 9 2001

UNITED STATES PATENT AND TRADEMARK OFFICE
NOTICE OF RECORDATION OF ASSIGNMENT DOCUMENT

THE ENCLOSED DOCUMENT HAS BEEN RECORDED BY THE ASSIGNMENT DIVISION OF
THE U.S. PATENT AND TRADEMARK OFFICE.  A COMPLETE MICROFILM COPY IS
AVAILABLE AT THE ASSIGNMENT SEARCH ROOM ON THE REEL AND FRAME NUMBER
REFERENCED BELOW.

PLEASE REVIEW ALL INFORMATION CONTAINED ON THIS NOTICE.  THE
INFORMATION CONTAINED ON THIS RECORDATION NOTICE REFLECTS THE DATA
PRESENT IN THE PATENT AND TRADEMARK ASSIGNMENT SYSTEM.  IF YOU SHOULD
FIND ANY ERRORS OR HAVE QUESTIONS CONCERNING THIS NOTICE, YOU MAY
CONTACT THE EMPLOYEE WHOSE NAME APPEARS ON THIS NOTICE AT 703-308-9723.
PLEASE SEND REQUEST FOR CORRECTION TO:  U.S. PATENT AND TRADEMARK OFFICE,
ASSIGNMENT DIVISION, BOX ASSIGNMENTS, CG-4, 1213 JEFFERSON DAVIS HWY,
SUITE 320, WASHINGTON, D.C. 20231.

RECORDATION DATE: 04/11/2001        REEL/FRAME: 002280/0074
                                    NUMBER OF PAGES: 6

BRIEF:  CHANGE OF NAME

ASSIGNOR:
    KNOWLEDGE KIDS ENTERPRISES, INC.    DOC DATE: 02/01/2001
                                        CITIZENSHIP: DELAWARE
                                        ENTITY: CORPORATION

ASSIGNEE:
    LEAPFROG ENTERPRISES, INC.          CITIZENSHIP: DELAWARE
    6401 HOLLIS STREET, SUITE 150       ENTITY: CORPORATION
    EMERYVILLE, CALIFORNIA 94608

APPLICATION NUMBER: 75693801            FILING DATE: 04/29/1999
REGISTRATION NUMBER:                    ISSUE DATE:

MARK: ALPHABET PAL
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN TYPED FORM

APPLICATION NUMBER: 75239375            FILING DATE: 02/10/1997
REGISTRATION NUMBER:                    ISSUE DATE:

MARK: LEAPFROG
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN TYPED FORM

Entered in Trademark Docket
By: _____  Date: 7·17·01
Action Due: Notify  Evan Brach
Due Date: 9·1·01
Reviewed by: _____

COPY